UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISSAM HAMID ALI BIN ALI AL JAYFI, *et al.*, )<br>)<br>Petitioners/Plaintiffs, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, *et. al.*, )<br>)<br>Respondents/Defendants. ) | Case No. 1:05-CV-02104 (RBW) |

## MOTION FOR THE IMMEDIATE ISSUANCE
## OF WRITS OF *HABEAS CORPUS* PURSUANT TO 28 U.S.C. § 2243 OR, ALTERNATIVELY, TO ISSUE AN ORDER TO SHOW CAUSE

Petitioners Issam Hamid Ali Bin Ali Al Jayfi, Othman Ali Mohammed Al Shamrany, Khalid Mohammed Al Thabbi, Ali Hamza Ahmed Suliman Bahlool, Saleh Mohammed Seleh Al Thabbii and Abdu Al Qader Ahmed Hussain ("Detained Petitioners"), together with their respective Next Friends as co-Petitioners, by and through undersigned counsel, respectfully submit this motion requesting the Court to issue forthwith writs of *habeas corpus* pursuant to 28 U.S.C. § 2242, returnable in three days, in order to proceed to a hearing on the merits of their jointly-filed Petition for Writs of Habeas Corpus. Alternatively, the Detained Petitioners seek forthwith the issuance of an order to show cause why writs of *habeas corpus* should not be granted, returnable in three days. The grounds for this motion are contained in the memorandum of points and authorities that accompanies this motion.

Respectfully submitted,
Counsel for Petitioners:

*[signature]*

Wesley R. Powell
wpowell@hunton.com
Patrick Train-Gutiérrez
ptrain-gutierrez@hunton.com
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY 100166
(212) 309-1000
(212) 309-1100 (facsimile)

Thomas R. Snider
tsnider@hunton.com
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 955-1500
(202) 778-2201 (facsimile)

*Of Counsel*
Barbara J. Olshansky (NY0057)
Director Counsel
Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

November 4, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ISSAM HAMID ALI BIN ALI AL JAYFI, *et al.*,

        Petitioners/Plaintiffs,

v.

GEORGE W. BUSH, *et. al.*,

        Respondents/Defendants.

Case No. 1:05-CV-02104 (RBW)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONERS' MOTION FOR A WRIT OF HABEAS CORPUS OR AN ORDER TO SHOW CAUSE PURSUANT TO 28 U.S.C. § 2243**

Petitioners Issam Hamid Ali Bin Ali Al Jayfi, Othman Ali Mohammed Al Shamrany, Khalid Mohammed Al Thabbi, Ali Hamza Ahmed Suliman Bahlool, Saleh Mohammed Seleh Al Thabbii and Abdu Al Qader Ahmed Hussain (collectively, "Detained Petitioners"), acting through their Next Friends, and in support of their motion requesting immediate issuance of writs of habeas corpus or an order to show cause why writs should not be granted with respect to each Detained Petitioner, returnable by Respondents on November 8, 2005, state the following:

1. Upon information and belief, Detained Petitioners are prisoners at the United States Naval Station at Guantánamo Bay, Cuba ("Guantánamo"). They have been imprisoned by the United States for more than three years. During this entire time, they have been held virtually *incommunicado* and without access to counsel.

2. On October 27, 2005, undersigned counsel filed a Petition for Writs of Habeas Corpus ("Petition") on behalf of Detained Petitioners pursuant to 28 U.S.C. § 2241 and 2242, contending that Petitioners are being detained in violation of the Constitution, laws and treaties of the United States, and in violation of international law.

3. As set forth in their Petition at ¶¶ 13-15, Detained Petitioners are not, nor have they ever been, "enemy combatants" within the meaning established pursuant to a Military Order issued by President Bush on November 13, 2001, *see* Detention, Treatment, and Trial of Certain Non-Citizens in the War Against Terrorism, 66 Fed. Reg. 57, 833 (Nov. 13, 2001), or as set forth in *Hamdi v. Rumsfeld*, 124 S. Ct. 2633, 2639 (2004).

4. The United States Supreme Court has acknowledged that allegations such as those contained within Detained Petitioners' application for habeas relief – specifically, claims of innocence from any wrongdoing and detention without charge or access to counsel – "unquestionably describe 'custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 124 S. Ct. 2686, 2698 n. 15 (2004) (quoting 28 U.S.C. § 2241 (c)(3)).

5. Accordingly, the Supreme Court determined that Detained Petitioners are entitled to challenge their incarceration through an application for the Great Writ. *Rasul*, 124 S. Ct. at 2699 (upholding the jurisdiction of federal courts "to determine the legality of the Executive's potentially indefinite detention of individuals who claim to be wholly innocent of wrongdoing").

6. Pursuant to 28 U.S.C. § 2243, ¶ 1, a "court. . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

7. Pursuant to 28 U.S.C. § 2243, ¶ 2, the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

8. Detained Petitioners request that the writ be issued or, alternatively, the order to show cause be granted, with a return date within three days.

9. Detained Petitioners seek to enforce their rights to a judicial determination whether there is a factual and/or legal basis for their imprisonment in Guantánamo.

10. Respondents have, by their own public admission, completed at least four factual reviews of Detained Petitioners' status and reasons for Detained Petitioners' ongoing imprisonment. *See* Briefing on Detainee Operations at Guantánamo Bay (February 13, 2004), available at http://www.defenselink.mil/transcripts/2004/tr20040213-0443.html (last visited Nov.1, 2005).

11. On information and belief, Respondents have also interrogated Detained Petitioners and are therefore aware of the factual bases that allegedly support their continued imprisonment. According to Deputy Secretary of Defense Paul Wolfowitz, each Petitioner "has been determined to be an enemy combatant through multiple levels of review by officers of the Department of Defense." Memorandum for the Secretary of the Navy, July 7, 2004, attached as Exh. A to the accompanying Declaration of Wesley R. Powell, Esq. ("Powell Decl."), at ¶ a.

12. These "multiple levels of review" involve at least three assessments by military personnel, civilian officials and legal advisors, including: (1) an initial combatant determination, (2) a General Officer Review, and (3) a Department of Defense Review. *See* Briefing on Detainee Operations at Guantánamo Bay, *supra*.

13. Furthermore, Respondents have, since July 2004, conducted hearings to review the status of each person incarcerated at Guantánamo. *See* Combatant Status Review Tribunals Update (January 19, 2005), available at http://www.dod.mil/ releases/2005/nr20050119-

1996.html (last visited Oct. 25, 2005); Combatant Status Tribunals Update Status Review (February 14, 2005), available at http://www.defenselink.mil/news/Feb2005/ d20050214csrt.pdf (last visited Oct. 25, 2005). Each hearing, known as a Combatant Status Review Tribunal ("CSRT"), "reviews and assesses relevant and reasonably available documents about each detainee to make a determination to confirm or reclassify the status of each individual." CSRT Update *supra*.

14. Upon information and belief, Respondents have conducted over 558 CSRTs since the process was implemented, s*ee* CSRT Update Status Review, *supra*, and Detained Petitioners are among the detainees for whom CSRTs have been conducted.

15. Because Respondents have already determined the alleged "enemy combatant" status of each prisoner through multiple levels of review and CSRTs, there is no reason to delay issuance of the writ or an order to show cause.

16. Recently declassified and released federal agency and military documents[1] have confirmed long reports that persons incarcerated at Guantánamo have been subject to widespread and systemic torture and abuses, including brutal beatings, *see, e.g.*, Exh. B to the Powell Decl. (translated interview of Guantánamo detainee, describing being "beaten unconscious" by guards); forced violations of fundamental tenets of faith through a deliberate pattern of torture targeted at devout Muslims, *see* Pet. at ¶ 38; sexual abuse, and routine degradation and humiliation. *See* Carol D. Leonnig and Dana Priest, *Detainees Accuse Female Interrogators:*

---

[1] These documents, referenced as Exhibits B through L to the Powell Declaration, were released pursuant to a court order, entered in litigation brought under the Freedom of Information Act ("FOIA") by civil rights, humanitarian and veteran's organizations. *See American Civil Liberties Union, et al. v. Department of Defense, et al.*, Docket No. 04-CV-4151 (AKH) (S.D.N.Y.).

4

*Pentagon Inquiry is Said to Confirm Muslims' Accounts of Sexual Tactics at Guantánamo*, WASH, POST, at A1 (Feb. 10, 2005) (attached as Exh. C to the Powell Decl.).

17. Detainees in Guantánamo have also been continually subjected to a range of physically and psychologically abusive interrogation tactics, including denial of food or water, isolation, extreme temperatures (hot and cold), bright lights, loud music, and use of dogs. *See, e.g.*, Exhs. D and E to the Powell Decl.). In addition, interrogators have posed as civilian employees, *see, e.g.*, Exhs. F and G to the Powell Decl.; and have worked with Guantánamo medical personnel to coerce information from detainees under the false guise of providing needed medical care. *See, e.g.*, Exh. H to the Powell Decl.

18. Furthermore, detainees, without access to outside counsel, have been coerced into dropping allegations of abuse in order to secure release, according to government records. *See* Exh. I to the Powell Decl.

19. Many of the same abuses and allegations of torture that were exposed in recent months with respect to the United States-controlled Abu Ghraib prison in Iraq initially arose in Guantánamo. *See* Exh. J to the Powell Decl. Army and Pentagon investigations into the torture of prisoners in Iraq have revealed that United States military officials successfully sought to – as noted in an email – "Gitmotize" Abu Ghraib, *see, e.g.*, Exh. K to the Powell Decl., by implementing the Guantánamo interrogation and detention operations as a baseline. *See* Exh. L to the Powell Decl.

20. The patterns of torture and abuse promulgated against individuals detained at Guantánamo only further necessitate an expeditious response to Detained Petitioners' motion.

21. For all of these reasons, Respondents should not be allowed to delay their response to this motion.

WHEREFORE, for the above-stated reasons and for any other reason that may become known to the Court, Detained Petitioners respectfully request that the writ or an order to show cause be issued forthwith with respect to each of these Detained Petitioners, returnable by Respondents in three (3) days.

Dated: New York, New York
      November 4, 2005

                                Respectfully submitted,

                                Counsel for Petitioners/Plaintiffs:

                                /s/ Wesley R. Powell
                                Wesley R. Powell
                                wpowell@hunton.com
                                Patrick Train-Gutiérrez
                                ptrain-gutierrez@hunton.com
                                HUNTON & WILLIAMS LLP
                                200 Park Avenue
                                New York, NY 100166
                                (212) 309-1000
                                (212) 309-1100 (facsimile)

                                Thomas R. Snider
                                tsnider@hunton.com
                                HUNTON & WILLIAMS LLP
                                1900 K Street, N.W.
                                Washington, D.C. 20006
                                (202) 955-1500
                                (202) 778-2201 (facsimile)


                                *Of Counsel*
                                Barbara J. Olshansky (NY0057)
                                Director Counsel
                                Tina Monshipour Foster (TF5556)
                                Gitanjali S. Gutierrez (GG1234)
                                CENTER FOR CONSTITUTIONAL RIGHTS
                                666 Broadway, 7th Floor
                                New York, New York 10012
                                Tel: (212) 614-6439
                                Fax: (212) 614-6499

## CERTIFICATE OF SERVICE

Michelle Kass hereby certifies that:

I am a Paralegal at the law firm of Hunton & Williams LLP, attorneys for Petitioners/Plaintiffs.

That on November 7, 2005, I served true copies of the attached Motion and Memorandum of Points and Authorities in Support of Petitioners' Motion for the Immediate Issuance of Writs of Habeas Corpus Pursuant to 28 U.S.C. § 2243 or, Alternatively, to Issue an Order to Show Cause, along with the Declaration of Attorney Wesley R. Powell and attached Exhibits A-L, at the addresses listed below via Certified Mail, Return Receipt Requested, by depositing the same in a duly enclosed and sealed wrapper with the correct postage thereon, in an official letter box duly maintained by the Government of the United States of American within the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 7, 2005.

_____
Michelle Kass

TO:   George W. Bush
      President of the United States of America
      The White House
      1600 Pennsylvania Avenue, NW
      Washington, DC 20500

      Donald Rumsfeld
      Secretary of Defense
      United States Department of Defense
      1000 Defense Pentagon
      Washington, DC 20301-1000

Brigadier General Jay Hood
United States Army
Commander, Joint Task Force
JTF-GTMO
APO AE 09360

Colonel Mike Buamgarner
United States Army
Commander, Joint Detention Operations Group
JTF-GTMO
APO AE 09360