# EXHIBIT A



DEPUTY SECRETARY OF DEFENSE
1010 DEFENSE PENTAGON
WASHINGTON, DC 20301-1010

-7 JUL 2004

MEMORANDUM FOR THE SECRETARY OF THE NAVY

SUBJECT: Order Establishing Combatant Status Review Tribunal

This Order applies only to foreign nationals held as enemy combatants in the control of the Department of Defense at the Guantanamo Bay Naval Base, Cuba ("detainees").

a. *Enemy Combatant.* For purposes of this Order, the term "enemy combatant" shall mean an individual who was part of or supporting Taliban or al Qaeda forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who has committed a belligerent act or has directly supported hostilities in aid of enemy armed forces. Each detainee subject to this Order has been determined to be an enemy combatant through multiple levels of review by officers of the Department of Defense.

b. *Notice.* Within ten days after the date of this Order, all detainees shall be notified of the opportunity to contest designation as an enemy combatant in the proceeding described herein, of the opportunity to consult with and be assisted by a personal representative as described in paragraph (c), and of the right to seek a writ of habeas corpus in the courts of the United States.

c. *Personal Representative.* Each detainee shall be assigned a military officer, with the appropriate security clearance, as a personal representative for the purpose of assisting the detainee in connection with the review process described herein. The personal representative shall be afforded the opportunity to review any reasonably available information in the possession of the Department of Defense that may be relevant to a determination of the detainee's designation as an enemy combatant, including any records, determinations, or reports generated in connection with earlier determinations or reviews, and to consult with the detainee concerning that designation and any challenge thereto. The personal representative may share any information with the detainee, except for classified information, and may participate in the Tribunal proceedings as provided in paragraph (g)(4).

d. *Tribunals.* Within 30 days after the detainee's personal representative has been afforded the opportunity to review the reasonably available information in the possession of the Department of Defense and had an opportunity to consult with the detainee, a Tribunal shall be convened to review the detainee's status as an enemy combatant.

e. *Composition of Tribunal.* A Tribunal shall be composed of three neutral commissioned officers of the U.S. Armed Forces, each of whom possesses the appropriate security clearance and none of whom was involved in the apprehension,



detention, interrogation, or previous determination of status of the detainee. One of the members shall be a judge advocate. The senior member (in the grade of 0-5 and above) shall serve as President of the Tribunal. Another non-voting officer, preferably a judge advocate, shall serve as the Recorder and shall not be a member of the Tribunal.

*f. Convening Authority.* The Convening Authority shall be designated by the Secretary of the Navy. The Convening Authority shall appoint each Tribunal and its members, and a personal representative for each detainee. The Secretary of the Navy, with the concurrence of the General Counsel of the Department of Defense, may issue instructions to implement this Order.

*g. Procedures.*

(1) The Recorder shall provide the detainee in advance of the proceedings with notice of the unclassified factual basis for the detainee's designation as an enemy combatant.

(2) Members of the Tribunal and the Recorder shall be sworn. The Recorder shall be sworn first by the President of the Tribunal. The Recorder will then administer an oath, to faithfully and impartially perform their duties, to all members of the Tribunal to include the President.

(3) The record in each case shall consist of all the documentary evidence presented to the Tribunal, the Recorder's summary of all witness testimony, a written report of the Tribunal's decision, and a recording of the proceedings (except proceedings involving deliberation and voting by the members), which shall be preserved.

(4) The detainee shall be allowed to attend all proceedings, except for proceedings involving deliberation and voting by the members or testimony and other matters that would compromise national security if held in the presence of the detainee. The detainee's personal representative shall be allowed to attend all proceedings, except for proceedings involving deliberation and voting by the members of the Tribunal.

(5) The detainee shall be provided with an interpreter, if necessary.

(6) The detainee shall be advised at the beginning of the hearing of the nature of the proceedings and of the procedures accorded him in connection with the hearing.

(7) The Tribunal, through its Recorder, shall have access to and consider any reasonably available information generated in connection with the initial determination to hold the detainee as an enemy combatant and in any subsequent reviews of that determination, as well as any reasonably available records, determinations, or reports generated in connection therewith.

(8) The detainee shall be allowed to call witnesses if reasonably available, and to question those witnesses called by the Tribunal. The Tribunal shall determine the

2

reasonable availability of witnesses. If such witnesses are from within the U.S. Armed Forces, they shall not be considered reasonably available if, as determined by their commanders, their presence at a hearing would affect combat or support operations. In the case of witnesses who are not reasonably available, written statements, preferably sworn, may be submitted and considered as evidence.

(9) The Tribunal is not bound by the rules of evidence such as would apply in a court of law. Instead, the Tribunal shall be free to consider any information it deems relevant and helpful to a resolution of the issue before it. At the discretion of the Tribunal, for example, it may consider hearsay evidence, taking into account the reliability of such evidence in the circumstances. The Tribunal does not have the authority to declassify or change the classification of any national security information it reviews.

(10) The detainee shall have a right to testify or otherwise address the Tribunal in oral or written form, and to introduce relevant documentary evidence.

(11) The detainee may not be compelled to testify before the Tribunal.

(12) Following the hearing of testimony and the review of documents and other evidence, the Tribunal shall determine in closed session by majority vote whether the detainee is properly detained as an enemy combatant. Preponderance of evidence shall be the standard used in reaching this determination, but there shall be a rebuttable presumption in favor of the Government's evidence.

(13) The President of the Tribunal shall, without regard to any other provision of this Order, have authority and the duty to ensure that all proceedings of or in relation to the Tribunal under this Order shall comply with Executive Order 12958 regarding national security information.

h. *The Record.* The Recorder shall, to the maximum extent practicable, prepare the record of the Tribunal within three working days of the announcement of the Tribunal's decision. The record shall include those items described in paragraph (g)(3) above. The record will then be forwarded to the Staff Judge Advocate for the Convening Authority, who shall review the record for legal sufficiency and make a recommendation to the Convening Authority. The Convening Authority shall review the Tribunal's decision and, in accordance with this Order and any implementing instructions issued by the Secretary of the Navy, may return the record to the Tribunal for further proceedings or approve the decision and take appropriate action.

i. *Non-Enemy Combatant Determination.* If the Tribunal determines that the detainee shall no longer be classified as an enemy combatant, the written report of its decision shall be forwarded directly to the Secretary of Defense or his designee. The Secretary or his designee shall so advise the Secretary of State, in order to permit the Secretary of State to coordinate the transfer of the detainee for release to the detainee's

3

country of citizenship or other disposition consistent with domestic and international obligations and the foreign policy of the United States.

j. This Order is intended solely to improve management within the Department of Defense concerning its detention of enemy combatants at Guantanamo Bay Naval Base, Cuba, and is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law, in equity, or otherwise by any party against the United States, its departments, agencies, instrumentalities or entities, its officers, employees or agents, or any other person.

k. Nothing in this Order shall be construed to limit, impair, or otherwise affect the constitutional authority of the President as Commander in Chief or any authority granted by statute to the President or the Secretary of Defense.

This Order is effective immediately.



-4-