IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISSAM HAMID ALI BIN ALI AL JAYFI, *et al.*, | ) ) ) |
| Petitioners/Plaintiffs, | ) )  Case No. 1:05-CV-02104 (RBW) |
| v. | ) ) ) |
| GEORGE W. BUSH, *et. al.*, | ) ) ) |
| Respondents/Defendants. | ) ) |

## DECLARATION OF ATTORNEY WESLEY R. POWELL

I, Wesley R. Powell, declare under penalty of perjury that the following is true to the best of my knowledge, recollection and belief:

1. My name is Wesley R. Powell. I submit this Declaration in support of Petitioners' Partial Consent to Respondents' Motion to Stay Proceedings and Reply to Respondents' Opposition to Motion for Writ of Habeas Corpus or Order to Show Cause in the above-captioned matter. I base this Declaration on personal knowledge.

2. I am an attorney and currently practice with the law firm of Hunton & Williams LLP, counsel of record for Petitioners Issam Hamid Ali Bin Ali Al Jayfi, Othman Ali Mohammed Al Shamrany, Khalid Mohammed Al Thabbi, Ali Hamza Ahmed Suliman Bahlool, Saleh Mohammed Seleh Al Thabbii and Abdu Al Qader Ahmed Hussain, in the above-captioned action.

3. Attached hereto as Exhibit A is what I believe to be a true and correct copy of a Memorandum from Bree A. Ermintrout to the Director of the Combatant Status Review Tribunal, dated January 18, 2005, which was included in the publicly filed Factual Return for Petitioner Abdul-Salam Ali Abdularahman Al-Hela, in *Al-Hela v. Bush*, 05-CV-01-48.

4. Attached hereto as Exhibit B is what I believe to be a true and correct copy of a Memorandum from James R. Crisfield, Jr. to the Director of the Combatant Status Review Tribunal, dated October 14, 2004, which was included in the publicly filed Factual Return for Petitioner Ridouane Khalid, in *Khalid v. Bush*, 04-CV-1142.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on 29 November 2005

_____
Wesley R. Powell

# EXHIBIT A

18 Jan 05

MEMORANDUM

From: Assistant Legal Advisor
To: Director, Combatant Status Review Tribunal
Via: Legal Advisor

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN #■■■

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
     (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal # 19 of 4 November 2004
      (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of and actively participated in the Tribunal process. The detainee provided a sworn oral statement at the Tribunal hearing.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal substantially complied with all provisions of references (a) and (b).

   d. The detainee did not request that any witnesses or evidence be produced.

e. The Tribunal's decision that detainee #■■■ is properly classified as an enemy combatant was unanimous.

2. The proceedings and decision of the Tribunal as reflected in enclosure (2) are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

BREE A. ERMENTROUT
CDR, JAGC, USNR

UNCLASSIFIED

**EXHIBIT B**

UNCLASSIFIED

14 Oct 04

MEMORANDUM

From: Legal Advisor
To:   Director, Combatant Status Review Tribunal

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # ▇▇

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #8 of 13 September 2004
      (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and made a sworn statement at the Tribunal.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal complied with all provisions of references (a) and (b). Note that some information in exhibits R-5 and R-6 was redacted. The FBI properly certified in exhibits R-2 and R-3 that the redacted information would not support a determination that the detainee is not an enemy combatant.

   d. The detainee requested five witnesses. One, a detainee at Guantanamo Bay Naval Base, was found by the Tribunal President to be reasonably available and testified at the tribunal. The other four witnesses requested by the detainee were former detainees who had been released from detention and repatriated to France. The Tribunal President determined that these four witnesses were not reasonably available. The President also determined that the testimony of these four witnesses would be almost identical to that of the witness who was reasonably available. Therefore, the President determined that their testimony would be cumulative with that of the first witness and not helpful to the Tribunal.

   In my opinion, the Tribunal President did not abuse his discretion in determining that the testimony of the four repatriated witnesses would have been cumulative with the testimony of the witness who testified. Documentation regarding the President's determination of their reasonable availability is lacking, however. The Personal Representative, in comments attached to the Record of Proceedings, states that the Tribunal failed to undertake adequate efforts to locate the witnesses. Paragraph G(10) of enclosure (1) of reference (b) requires the Tribunal President to document the basis for his decisions on reasonable availability; to include efforts undertaken to procure the

UNCLASSIFIED

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # ▓

presence of the witness and alternatives considered or used in place of in-person testimony. Since the Tribunal did not document what efforts were made to locate these individuals, if any, I cannot render an opinion, as required by paragraph I(7) of enclosure (1) of reference (b), as to the sufficiency of the decision. Nonetheless, since the President found their expected testimony to be cumulative, he did not need to reach a finding on whether they were reasonably available and there is no prejudice to the detainee from the poor documentation.

The detainee also requested that additional evidence be produced, including his passport, visa, and a return airline ticket from Afghanistan to England that had been taken from him at the time of his capture. The Tribunal searched for the documents, but they could not be located. In my opinion the Tribunal was correct in determining that these documents were not reasonably available.

e. The Tribunal's decision that detainee # ▓ is properly classified as an enemy combatant was unanimous.

f. The detainee's Personal Representative was given the opportunity to review the record of proceedings and submitted comments to the Tribunal. Those comments are addressed in paragraph 1(d), above.

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

JAMES R. CRISFIELD JR.
CDR, JAGC, USN

2
UNCLASSIFIED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ISSAM HAMID ALI BIN ALI AL JAYFI, *et al.*, )
)
)
        Petitioners/Plaintiffs, )   Case No. 1:05-CV-02104 (RBW)
)
v. )
)
GEORGE W. BUSH, *et. al.*, )
)
)
        Respondents/Defendants. )

## DECLARATION OF SERVICE

Michelle Kass hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

I am a Paralegal at the law firm of Hunton & Williams LLP, attorneys for Petitioners/Plaintiffs.

That on November 29, 2005, I caused to be served true copies of Petitioners' Partial Consent to Respondents' Motion to Stay Proceedings and Reply to Respondents' Opposition to Motion for Writ of Habeas Corpus or Order to Show Cause, along with the Declaration of Attorney Wesley R. Powell and attached Exhibits A-B and [Proposed] Order at the addresses listed below via Certified Mail, Return Receipt Requested, by depositing the same in a duly enclosed and sealed wrapper with the correct postage thereon, in an official letter box duly maintained by the Government of the United States of American within the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 29, 2005.

                                            _____
                                                 Michelle Kass

TO:   George W. Bush
      President of the United States of America
      The White House
      1600 Pennsylvania Avenue, NW
      Washington, DC 20500

      Donald Rumsfeld
      Secretary of Defense
      United States Department of Defense
      1000 Defense Pentagon
      Washington, DC 20301-1000

      Brigadier General Jay Hood
      United States Army
      Commander, Joint Task Force
      JTF-GTMO
      APO AE 09360

      Colonel Mike Buamgarner
      United States Army
      Commander, Joint Detention Operations Group
      JTF-GTMO
      APO AE 09360