IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISSAM HAMID ALI BIN ALI AL JAYFI, et al., | )<br>)<br>)<br>) |
| Petitioners, | )<br>) |
| v. | ) Civil Action No. 05-CV-2104 (RBW) |
| GEORGE W. BUSH,<br>President of the United States,<br>et al., | )<br>)<br>)<br>) |
| Respondents. | )<br>) |

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS AND
OPPOSITION TO PETITIONERS' MOTION FOR THE IMMEDIATE ISSUANCE
OF WRITS OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2243 OR,
ALTERNATIVELY, TO ISSUE AN ORDER TO SHOW CAUSE**

Respondents hereby submit this reply memorandum in support of their motion to stay proceedings pending related appeals and their opposition to petitioners' motion for the immediate issuance of writs of habeas corpus pursuant to 28 U.S.C. § 2243 or, alternatively, to issue an order to show cause.

Petitioners' counsel characterizes his opposition as consenting to a partial stay, that is, he seeks various conditions on any stay in the case, including the provision of factual returns and issuance of a preservation order. Respondents oppose any such conditions on a stay and, as explained below, such conditions should be rejected. As an initial matter, however, as noted in respondents' motion to stay, respondents have been unable to identify four of the petitioners as

detainees at Guantanamo Bay. Respondents, therefore, would be unable to comply with any order pertaining to those petitioners, including the conditions demanded by counsel.[1]

## ARGUMENT

### I. Factual Returns Should Not Be Required

While petitioners concede that a stay is appropriate in this case, see Pet'rs' Partial Consent to Resp'ts' Mot. to Stay at 1, they still insist factual returns, which typically consist of the record of proceedings before the Combatant Status Review Tribunal that confirmed a petitioner's status as an enemy combatant properly subject to detention, should be filed in the instant case.[2] See Pet'rs' Partial Consent to Resp'ts' Mot. at 2. Petitioners' dismissive treatment of the needless expenditure of judicial and litigation resources that would result from submission of factual returns, ignores the cascade effect that would follow from not staying this case. Presently, there are more than 170 habeas cases pending on behalf of well over 250 detainees at Guantanamo Bay; the majority of those cases and petitioners were not subject to the decisions of Judge Leon in Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and Judge Green In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal, No. 05-5064 (D.C. Cir. Mar. 10, 2005). A decision to allow submission of factual returns to go forward pending the

---

[1] Respondents have not yet moved to dismiss the cases involving the unidentified petitioners outright in order to give opposing counsel the opportunity to provide additional information that would permit identification of all petitioners as detainees. In the interim, a stay is appropriate, and the requested stay conditions should be rejected, both because some petitioners remain unidentified and for the reasons explained in this memorandum.

[2] The two identified petitioners in this case have been determined to be enemy combatants.

resolution of the appeals could precipitate a chain reaction — the scores of petitioners in other pending and future Guantanamo Bay detainee habeas cases, seeking parity of treatment, would request the Court to allow access to factual returns in those cases, perhaps even by lifting or modifying stays that have already been entered. This scenario is exactly what Judge Green aimed to avoid when she denied petitioners' motion to reconsider her order granting a stay pending appeal "in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward." See Order Den. Mot. for Recons. of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases (Feb. 7, 2005) (Green, J.). Indeed, the decision to allow the filing of factual returns would likely need to be revisited or relitigated, and may be shown to have been altogether unnecessary, once the Court of Appeals, likely very soon, provides guidance regarding the handling of the habeas claims of Guantanamo Bay detainees such as petitioners. Thus, in the interest of efficiency of judicial and litigation resources, as well as to minimize administrative burdens, this Court should hold proceedings in the above-captioned case, including the filing of factual returns, in abeyance pending the outcome of the appeals of the decisions by Judges of this Court in the other Guantanamo Bay detainee cases.

      In the event the Court orders the submission of factual returns, however, it could only be done for petitioners who are actually identified as Guantanamo detainees and, once identified, only pursuant to a coordinated and reasonable schedule, taking account of the fact that petitioners in all the recently filed cases are seeking factual returns and given the logistical burdens posed by an undertaking to produce returns in those cases. Each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who

provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel.  Further, submission of these returns will increase the risks of inadvertent or other disclosure or compromise of classified information.  Given that the D.C. Circuit will be considering the proper scope of these proceedings, including whether the claims of petitioners can be dismissed without reference to a specific factual return for each petitioner, there is no justification to incur substantial burdens on government resources and increase the risk to national security by providing petitioners' counsel access to factual returns which may ultimately prove unnecessary.[3]

For these reasons, the Court should not order the production of factual returns for petitioners in this case, and in no event should the Court require returns to be produced sooner than 120 days from the date of any such order.[4]

---

[3] Though the submission of factual returns should not go forward at all, a schedule for any such undertaking should be no more restrictive than is necessary.  In this case, a schedule allowing for the production of factual returns within 120 days would be appropriate and ordering a shorter period would be burdensome.  See, e.g., Order (dkt. no. 12), Battayav v. Bush, No. 05-CV-714 (RBW) (D.D.C.  May 19, 2005) (requiring 120-day schedule); Order (dkt. no. 21), Al-Anazi v. Bush, No. 05-CV-345 (JDB) (D.D.C. Apr. 21, 2005) (imposing 120-day schedule to provide factual return).

[4] Counsel demands that the Court order respondents to provide to counsel the Internment Serial Number (ISN) of the two petitioners identified as Guantanamo detainees held as enemy combatants.  See Pet'rs' Partial Consent to Resp'ts' Mot. at 2-3.  Petitioners make no factual or legal showing justifying the court-ordered disclosure of such information and, in any event, such information is typically provided in connection with a request by counsel for a visit with a properly represented petitioner.

**II.     A Stay Should Not Be Conditioned On The Issuance of Preservation Order.**

Petitioners also seek to condition a stay in this case on the issuance of a preservation order.  Pet'rs' Partial Consent to Resp'ts' Mot. at 3.  Petitioners' request that any stay order imposed be accompanied by a preservation order is effectively a request for injunctive relief. See Order (dkt. no. 12), Battayav, supra n.3, at 4.  In seeking such relief as a condition of a stay, petitioners attempt to sidestep their burden of demonstrating that they are entitled to preliminary injunctive relief.  Petitioners' attempt, however, must fail because their request is injunctive in nature, and preliminary injunctive relief "is an extraordinary and drastic remedy" that should not be available "unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original).  Preliminary injunctive relief is not warranted unless the movant can clearly demonstrate that (1) the movant will suffer irreparable injury in the absence of an injunction; (2) the movant has a substantial likelihood of success on the merits with respect to the requested relief; (3) the injunction would not substantially injure other interested parties; and (4) the injunction would further the public interest.  See Al-Fayed v. CIA, 254 F.3d 300, 303 (D.C. Cir. 2001).

Petitioners cannot circumvent these requirements merely by seeking the same measures of relief in the form of conditions on a requested stay.  For example, in Al-Anazi v. Bush, 370 F. Supp. 2d 188, 199 n.11 (D.D.C. 2005) (Bates, J.), the Court rejected petitioners' request for advance notice of transfer and explained that "if petitioners cannot meet the prerequisites of a motion for preliminary injunction (as the Court concludes), it is unlikely they should receive that same relief through the backdoor of a stay."  See also O.K. v. Bush, 377 F. Supp. 2d 102 (D.D.C. 2005) (Bates, J.); Almurbati v. Bush, 366 F. Supp. 2d 72 (D.D.C. 2005) (Walton, J.).   As

explained below, petitioners have not adequately demonstrated that their demand for a preservation order is justified.

Petitioners simply request the preservation of documents, but they fail to make any factual or legal showing that the equitable relief they seek is warranted. Moreover, petitioners fail to acknowledge that this Court rejected a similar request for a preservation order in a related Guantanamo detainee case. See Order (dkt. no. 12), Battayav, supra n.3, at 4.

## CONCLUSION

For the reasons stated in respondents' motion to stay proceedings pending related appeals, and in this supporting reply memorandum, this Court should stay further proceedings in the instant case pending the appeals of Judge Leon's decision in Khalid and Judge Green's decision in In re Guantanamo Detainee Cases and any deny petitioners' requested conditions on such a stay.

Dated: December 9, 2005                Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

    /s/ Marc A. Perez
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ (WA State Bar No. 33907)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4505
Fax:  (202) 616-8202

Attorneys for Respondents