IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISSAM HAMID ALI BIN ALI AL JAYFI, *et al.*, )<br>)<br>Petitioners/Plaintiffs, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, *et. al.*, )<br>)<br>)<br>Respondents/Defendants. )<br>) | Case No. 1:05-CV-02104 (RBW) |

### MOTION FOR TRANSFER OF HABEAS CORPUS ACTION OF PETITIONER ALI HAMZA AHMED SULIMAN BAHLOOL TO CALENDAR COMMITTEE FOR REASSIGNMENT AS A RELATED CASE

On October 27, 2005 the undersigned counsel filed a Petition for Writs of Habeas Corpus on behalf of six Yemeni detainees at Guantánamo Bay Naval Station. This case was initially assigned to the Hon. Colleen Kollar-Kotelly but subsequently was reassigned to this Court on November 1, 2005. Only after filing the Petition, counsel learned that one of the Petitioners, Ali Hamza Ahmed Suliman Bahlool, has been identified by the United States Department of Defense as Ali Hamza Ahmed Sulayman Al Bahlul, (hereafter, "Mr. Bahlool"), who has been charged and scheduled for trial before a Military Commission, pursuant to the Military Order of November 12, 2001. (*See* Military Commission Charge Sheet, attached hereto as Exhibit A.) In light of those charges, we are filing today a Supplemental Petition of Ali Hamza Ahmed Suliman Al Bahlool for Writ of Habeas Corpus And Complaint for Injunctive, Declaratory, and Other Relief, to assert allegations and claims that specifically relate to his ongoing proceedings before the Military Commission.

Mr. Bahlool's Supplemental Petition raises legal and factual issues not presented by his co-petitioners or the petitions on behalf of other Guantánamo detainees, including, *inter alia,* the legality of the Military Commission process and its intersection with habeas corpus. As the Court may be aware, habeas petitions have been filed on behalf of other Guantánamo detainees charged before the Military Commission, including, most notably, *Hamdan v. Rumsfeld*, No. 04-CV-1519 (JR), which is assigned to Hon. James Robertson of this District. Judge Robertson has previously dealt at length with the factual and legal issues raised by the Military Commission process and issued an Order dated November 8, 2004, which is now before the United States Supreme Court on a petition for certiorari. *Hamdan v. Rumsfeld*, 344 F. Supp.2d 152 (D.D.C. 2004); 415 F.3d 33 (D.C. Cir. 2005); *cert. granted*, 126 S.Ct. 622 (U.S. Nov. 7, 2005) (No. 05-184).

Now that his Supplemental Petition has been filed, Mr. Bahlool's case presents many of the same factual and legal issues as in *Hamdan* — which are distinct from other Guantánamo *habeas* cases — so this action is related to *Hamdan* within the meaning of Local Civil Rule 40.5(a)(3). Among other common legal and factual issues, both cases raise the extent to which the Military Commission process established for certain Guantánamo detainees comports with the requirements of the Geneva Conventions and the due process clause of the Fifth Amendment to the United States Constitution. However, because counsel did not discover this overlap until after filing the original Petition on behalf of Mr. Bahlool and five other detainees, his case was not designated as related to *Hamdan* at that time.[1] Nonetheless, pursuant to Local Civil Rule

---

[1] Rather, in order to identify this as a Guantánamo habeas case, we designated it pursuant to Local Civil Rule 40.5 as related to another recently-filed Guantánamo habeas action assigned to Judge Kollar-Kotelly. As noted above, the case thereafter was reassigned to this Court.

40.5(c)(2), when a later-filed case is discovered to be related to an earlier-filed case only after assignment to a Judge of this District, the Judge to whom the later-filed case is assigned may transfer the case to the District's Calendar Committee for reassignment to the Judge before whom the earlier-filed related case is pending. This is precisely the scenario presented here.

Moreover, there is good reason for the Court to transfer Mr. Bahlool's case to the Calendar Committee for reassignment to Judge Robertson. At this point, only a small percentage of Guantánamo detainees have been designated for trial before a Military Commission. To date, Judge Robertson is the only Judge of this District who has addressed in any detail the substantive factual and legal issues presented by the Military Commission process in Guantánamo, in *Hamdan*. Now that Mr. Bahlool has raised substantially identical legal and factual issues in his Supplemental Petition, transferring his case for reassignment to Judge Robertson best serves the interests of judicial economy and consistency of decision.

Finally, because Mr. Bahlool has now challenged his detention and expected trial before a Military Commission in a separate Supplemental Petition, his claims can be readily severed from his co-petitioners for transfer and reassignment. Nonetheless, if the Court prefers, we can file an amended petition on behalf of the remaining five Petitioners that omits any reference to Mr. Bahlool, or sever the cases in any other manner the Court directs.

## CONCLUSION

For the reasons discussed above, we respectfully request that the Court transfer Mr. Bahlool's Supplemental Petition to the Calendar Committee for reassignment to Judge Robertson, as a related case to *Hamdan*.[2]

Dated: December 13, 2005
      New York, New York

                            Respectfully submitted,

                            Counsel for Petitioners/Plaintiffs:

                            /s/ Wesley R. Powell
                            Wesley R. Powell*
                            wpowell@hunton.com
                            Patrick Train-Gutiérrez*
                            ptrain-gutierrez@hunton.com
                            HUNTON & WILLIAMS LLP
                            200 Park Avenue
                            New York, NY 100166
                            (212) 309-1000
                            (212) 309-1100 (facsimile)

                            Thomas R. Snider
                            tsnider@hunton.com
                            HUNTON & WILLIAMS LLP
                            1900 K Street, N.W.
                            Washington, D.C. 20006
                            (202) 955-1500
                            (202) 778-2201 (facsimile)

                            *Of Counsel*
                            Barbara J. Olshansky (NY0057)
                            Director Counsel
                            Tina Monshipour Foster (TF5556)
                            Gitanjali S. Gutierrez (GG1234)
                            CENTER FOR CONSTITUTIONAL RIGHTS

---

[2] Pursuant to Local CivilRule 40.5(b)(3), we are notifying Judge Robertson of this request for reassignment by copy of this motion.

666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

\*       Not admitted in the District of Columbia District but qualified to practice as *pro bono* counsel pursuant to L.Cv.R. 83.2(9).

5

## DECLARATION OF SERVICE

Michelle Kass hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

I am a paralegal at Hunton & Williams LLP, attorneys for Petitioners Issam Hamid Ali Bin Ali Al Jayfi and Ali Hamza Ahmed Suliman Al Bahlool.

That on December 14, 2005, I served a true copy of the Motion for Transfer of Habeas Corpus Action of Petitioner Ali Hamza Ahmed Suliman Bahlool to Calendar Committee for Reassignment as a Related Case on all parties via the Court's ECF System, and on all parties who did not receive these court filings via the Court's ECF system, by depositing same in a duly enclosed and sealed wrapper, with the correct postage thereon, in an official letter box duly maintained by the Government of the United States of America within the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed December 14, 2005.

_Michelle Kass_
Michelle Kass