# EXHIBIT 4

# TO

# SUPPLEMENTAL PETITION OF BAHLOOL



Department of Defense

Military Commission Order No. 1

August 31, 2005

SUBJECT: Procedures for Trials by Military Commissions of Certain Non-United States Citizens in the War Against Terrorism

References: (a) United States Constitution, Article II, Section 2

(b) Military Order of November 13, 2001, "Detention, Treatment, and Trial of Certain Non-Citizens in the War Against Terrorism," 66 F.R. 57833 (Nov. 16, 2001) ("President's Military Order")

(c) DoD 5200.2-R, "Personnel Security Program," current edition

(d) Executive Order 12958, "Classified National Security Information" (April 17, 1995, as amended, or any successor Executive Order)

(e) Section 603 of title 10, United States Code

(f) DoD Directive 5025.1, "DoD Directives System," current edition

(g) Military Commission Order No. 1 (March 21, 2002)

1. PURPOSE

This Order implements policy, assigns responsibilities, and prescribes procedures under references (a) and (b) for trials before military commissions of individuals subject to the President's Military Order. These procedures shall be implemented and construed so as to ensure that any such individual receives a full and fair trial before a military commission, as required by the President's Military Order. Unless otherwise directed by the Secretary of Defense, and except for supplemental procedures established pursuant to the President's Military Order or this Order, the procedures prescribed herein and no others shall govern such trials. This Order supersedes reference (g).

2. ESTABLISHMENT OF MILITARY COMMISSIONS

In accordance with the President's Military Order, the Secretary of Defense or a designee ("Appointing Authority") may issue orders from time to time appointing one or more military

commissions to try individuals subject to the President's Military Order and appointing any other personnel necessary to facilitate such trials.

### 3. JURISDICTION

#### A. Over Persons

A military commission appointed under this Order ("Commission") shall have jurisdiction over only an individual or individuals ("the Accused") (1) subject to the President's Military Order and (2) alleged to have committed an offense in a charge that has been referred to the Commission by the Appointing Authority.

#### B. Over Offenses

Commissions established hereunder shall have jurisdiction over violations of the laws of war and all other offenses triable by military commission.

#### C. Maintaining Integrity of Commission Proceedings

The Commission may exercise jurisdiction over participants in its proceedings as necessary to preserve the integrity and order of the proceedings.

### 4. COMMISSION PERSONNEL

#### A. Members

##### (1) Appointment

The Appointing Authority shall appoint the Presiding Officer, other members, and the alternate member or members of each Commission. The alternate member or members shall attend all sessions of the Commission except sessions with members deliberating and voting on findings and sentence and sessions conducted by the Presiding Officer under Section 4(A)(5)(a), but the absence of an alternate member shall not preclude the Commission from conducting proceedings. Alternate members shall attend deliberations on matters other than findings or sentence, but may not participate in such deliberations or in any voting. In case of incapacity, resignation, or removal of any member, an alternate member, if available, shall take the place of that member, in the sequence designated by the Appointing Authority. Any vacancy among the members or alternate members occurring after a trial has begun may, but need not, be filled by the Appointing Authority, but the substance of all prior proceedings and evidence taken in that case shall be made known to that new member or alternate member before the trial proceeds.

##### (2) Number of Members

Each Commission shall consist of a Presiding Officer and at least three other members, the number being determined by the Appointing Authority. For each such Commission, the

Appointing Authority shall also appoint at the outset of proceedings one or more alternate members, the number being determined by the Appointing Authority.

### (3) Qualifications

Each member and alternate member shall be a commissioned officer of the United States armed forces ("Military Officer"), including without limitation reserve personnel on active duty, National Guard personnel on active duty in Federal service, and retired personnel recalled to active duty. The Appointing Authority shall appoint members and alternate members determined to be competent to perform the duties involved. The Appointing Authority may remove members and alternate members for good cause.

### (4) Presiding Officer

The Appointing Authority shall designate a Presiding Officer to preside over the proceedings of that Commission. The Presiding Officer shall be a Military Officer who is a judge advocate of any United States armed force.

### (5) Duties of the Presiding Officer

(a) The Presiding Officer shall rule upon all questions of law, all challenges for cause, and all interlocutory questions arising during the proceedings. The Presiding Officer may conduct hearings (except hearings on the admissibility of evidence under Section 6(D)(1)) outside the presence of the other members for the purposes of hearing and determining motions, objections, pleas, or such other matters as will promote a fair and expeditious trial. If the Presiding Officer determines that deliberations are necessary to resolve a challenge by another member under Section 6(D)(1) to a ruling by the Presiding Officer on the admissibility of evidence, the Presiding Officer shall deliberate and vote with the other members to determine the admissibility of the evidence in question. The Presiding Officer shall not deliberate or vote with the other members on findings or sentence, nor shall the Presiding Officer be present at such deliberations or votes.

(b) The Presiding Officer shall admit or exclude evidence at trial in accordance with Section 6(D). The Presiding Officer shall have authority to close proceedings or portions of proceedings in accordance with Section 6(B)(3) and for any other reason necessary for the conduct of a full and fair trial.

(c) The Presiding Officer shall ensure that the discipline, dignity, and decorum of the proceedings are maintained, shall exercise control over the proceedings to ensure proper implementation of the President's Military Order and this Order, and shall have authority to act upon any contempt or breach of Commission rules and procedures. Any attorney authorized to appear before a Commission who is thereafter found not to satisfy the requirements for eligibility or who fails to comply with laws, rules, regulations, or other orders applicable to

the Commission proceedings or any other individual who violates such laws, rules, regulations, or orders may be disciplined as the Presiding Officer deems appropriate, including but not limited to revocation of eligibility to appear before that Commission. The Appointing Authority may further revoke that attorney's or any other person's eligibility to appear before any other Commission convened under this Order.

(d) The Presiding Officer shall ensure the expeditious conduct of the trial. In no circumstance shall accommodation of counsel be allowed to delay proceedings unreasonably.

(e) The Presiding Officer shall certify all interlocutory questions, the disposition of which would effect a termination of proceedings with respect to a charge, for decision by the Appointing Authority. The Presiding Officer may certify other interlocutory questions to the Appointing Authority as the Presiding Officer deems appropriate.

(f) As soon as practicable at the conclusion of each Commission session, the Presiding Officer shall transmit an authenticated copy of the proceedings to the Appointing Authority.

(6) Duties of the Other Members

The other members of the Commission shall determine the findings and sentence without the Presiding Officer, and may vote on the admission of evidence, with the Presiding Officer, in accordance with Section 6(D)(1).

B. Prosecution

(1) Office of the Chief Prosecutor

The Chief Prosecutor shall be a judge advocate of any United States armed force, shall supervise the overall prosecution efforts under the President's Military Order, and shall ensure proper management of personnel and resources.

(2) Prosecutors and Assistant Prosecutors

Consistent with any supplementary regulations or instructions issued under Section 7(A), the Chief Prosecutor shall detail a Prosecutor and, as appropriate, one or more Assistant Prosecutors to prepare charges and conduct the prosecution for each case before a Commission ("Prosecution"). Prosecutors and Assistant Prosecutors shall be (a) Military Officers who are judge advocates of any United States armed force, or (b) special trial counsel of the Department of Justice who may be made available by the Attorney General of the United States. The duties of the Prosecution are:

4

>(a) To prepare charges for approval and referral by the Appointing Authority;
>
>(b) To conduct the prosecution before the Commission of all cases referred for trial; and
>
>(c) To represent the interests of the Prosecution in any review process.

C. Defense

>(1) Office of the Chief Defense Counsel

The Chief Defense Counsel shall be a judge advocate of any United States armed force, shall supervise the overall defense efforts under the President's Military Order, shall ensure proper management of personnel and resources, shall preclude conflicts of interest, and shall facilitate proper representation of all Accused.

>(2) Detailed Defense Counsel.

Consistent with any supplementary regulations or instructions issued under Section 7(A), the Chief Defense Counsel shall detail one or more Military Officers who are judge advocates of any United States armed force to conduct the defense for each case before a Commission ("Detailed Defense Counsel"). The duties of the Detailed Defense Counsel are:

>>(a) To defend the Accused zealously within the bounds of the law without regard to personal opinion as to the guilt of the Accused; and
>>
>>(b) To represent the interests of the Accused in any review process as provided by this Order.
>
>(3) Choice of Counsel
>
>>(a) The Accused may select a Military Officer who is a judge advocate of any United States armed force to replace the Accused's Detailed Defense Counsel, provided that Military Officer has been determined to be available in accordance with any applicable supplementary regulations or instructions issued under Section 7(A). After such selection of a new Detailed Defense Counsel, the original Detailed Defense Counsel will be relieved of all duties with respect to that case. If requested by the Accused, however, the Chief Defense Counsel may allow the original Detailed Defense Counsel to continue to assist in representation of the Accused as another Detailed Defense Counsel.
>>
>>(b) The Accused may also retain the services of a civilian attorney of the Accused's own choosing and at no expense to the United States Government ("Civilian Defense Counsel"), provided that attorney: (i) is a

5

United States citizen; (ii) is admitted to the practice of law in a State, district, territory, or possession of the United States, or before a Federal court; (iii) has not been the subject of any sanction or disciplinary action by any court, bar, or other competent governmental authority for relevant misconduct; (iv) has been determined to be eligible for access to information classified at the level SECRET or higher under the authority of and in accordance with the procedures prescribed in reference (c); and (v) has signed a written agreement to comply with all applicable regulations or instructions for counsel, including any rules of court for conduct during the course of proceedings. Civilian attorneys may be pre-qualified as members of the pool of available attorneys if, at the time of application, they meet the relevant criteria, or they may be qualified on an *ad hoc* basis after being requested by an Accused. Representation by Civilian Defense Counsel will not relieve Detailed Defense Counsel of the duties specified in Section 4(C)(2). The qualification of a Civilian Defense Counsel does not guarantee that person's presence at closed Commission proceedings or that person's access to any information protected under Section 6(D)(5).

(4) Continuity of Representation

The Accused must be represented at all relevant times by Detailed Defense Counsel. Detailed Defense Counsel and Civilian Defense Counsel shall be herein referred to collectively as "Defense Counsel." The Accused and Defense Counsel shall be herein referred to collectively as "the Defense."

D. Other Personnel

Other personnel, such as court reporters, interpreters, security personnel, bailiffs, and clerks may be detailed or employed by the Appointing Authority, as necessary.

5. PROCEDURES ACCORDED THE ACCUSED

The following procedures shall apply with respect to the Accused:

A. The Prosecution shall furnish to the Accused, sufficiently in advance of trial to prepare a defense, a copy of the charges in English and, if appropriate, in another language that the Accused understands.

B. The Accused shall be presumed innocent until proven guilty.

C. A Commission member, other than the Presiding Officer, shall vote for a finding of Guilty as to an offense if and only if that member is convinced beyond a reasonable doubt, based on the evidence admitted at trial, that the Accused is guilty of the offense.

6

D. At least one Detailed Defense Counsel shall be made available to the Accused sufficiently in advance of trial to prepare a defense and until any findings and sentence become final in accordance with Section 6(H)(2).

E. The Prosecution shall provide the Defense with access to evidence the Prosecution intends to introduce at trial and with access to evidence known to the Prosecution that tends to exculpate the Accused. Such access shall be consistent with Section 6(D)(5) and subject to Section 9.

F. The Accused shall not be required to testify during trial. A Commission shall draw no adverse inference from an Accused's decision not to testify. This subsection shall not preclude admission of evidence of prior statements or conduct of the Accused.

G. If the Accused so elects, the Accused may testify at trial on the Accused's own behalf and shall then be subject to cross-examination.

H. The Accused may obtain witnesses and documents for the Accused's defense, to the extent necessary and reasonably available as determined by the Presiding Officer. Such access shall be consistent with the requirements of Section 6(D)(5) and subject to Section 9. The Appointing Authority shall order that such investigative or other resources be made available to the Defense as the Appointing Authority deems necessary for a full and fair trial.

I. The Accused may have Defense Counsel present evidence at trial in the Accused's defense and cross-examine each witness presented by the Prosecution who appears before the Commission.

J. The Prosecution shall ensure that the substance of the charges, the proceedings, and any documentary evidence are provided in English and, if appropriate, in another language that the Accused understands. The Appointing Authority may appoint one or more interpreters to assist the Defense, as necessary.

K. The Accused shall be present at every stage of the trial before the Commission, to the extent consistent with Section 6(B)(3), unless the Accused engages in disruptive conduct that justifies exclusion by the Presiding Officer. Detailed Defense Counsel may not be excluded from any trial proceeding or portion thereof.

L. Except by order of the Presiding Officer for good cause shown, the Prosecution shall provide the Defense with access before sentencing proceedings to evidence the Prosecution intends to present in such proceedings. Such access shall be consistent with Section 6(D)(5) and subject to Section 9.

M. The Accused may make a statement during sentencing proceedings.

N. The Accused may have Defense Counsel submit evidence to the Commission during sentencing proceedings.

O. The Accused shall be afforded a trial open to the public (except proceedings closed by the Presiding Officer), consistent with Section 6(B).

P. The Accused shall not again be tried by any Commission for a charge once a Commission's finding on that charge becomes final in accordance with Section 6(H)(2).

## 6. CONDUCT OF THE TRIAL

### A. Pretrial Procedures

#### (1) Preparation of the Charges

The Prosecution shall prepare charges for approval by the Appointing Authority, as provided in Section 4(B)(2)(a).

#### (2) Referral to the Commission

The Appointing Authority may approve and refer for trial any charge against an individual or individuals within the jurisdiction of a Commission in accordance with Section 3(A) and alleging an offense within the jurisdiction of a Commission in accordance with Section 3(B).

#### (3) Notification of the Accused

The Prosecution shall provide copies of the charges approved by the Appointing Authority to the Accused and Defense Counsel. The Prosecution also shall submit the charges approved by the Appointing Authority to the Presiding Officer of the Commission to which they were referred.

#### (4) Plea Agreements

The Accused, through Defense Counsel, and the Prosecution may submit for approval to the Appointing Authority a plea agreement mandating a sentence limitation or any other provision in exchange for an agreement to plead guilty, or any other consideration. Any agreement to plead guilty must include a written stipulation of fact, signed by the Accused, that confirms the guilt of the Accused and the voluntary and informed nature of the plea of guilty. If the Appointing Authority approves the plea agreement, the Presiding Officer will, after determining the voluntary and informed nature of the plea agreement, admit the plea agreement and stipulation into evidence and the Commission will be bound to adjudge findings and a sentence pursuant to that plea agreement.

#### (5) Issuance and Service of Process; Obtaining Evidence

The Commission shall have power to:

(a) Summon witnesses to attend trial and testify;

    (b) Administer oaths or affirmations to witnesses and other persons and to question witnesses;

    (c) Require the production of documents and other evidentiary material; and

    (d) Designate special commissioners to take evidence.

The Presiding Officer shall exercise these powers on behalf of the Commission at the Presiding Officer's own initiative, or at the request of the Prosecution or the Defense, as necessary to ensure a full and fair trial in accordance with the President's Military Order and this Order. The Commission shall issue its process in the name of the Department of Defense over the signature of the Presiding Officer. Such process shall be served as directed by the Presiding Officer in a manner calculated to give reasonable notice to persons required to take action in accordance with that process.

    B. Duties of the Commission During Trial

The Commission shall:

    (1) Provide a full and fair trial.

    (2) Proceed impartially and expeditiously, strictly confining the proceedings to a full and fair trial of the charges, excluding irrelevant evidence, and preventing any unnecessary interference or delay.

    (3) Hold open proceedings except where otherwise decided by the Appointing Authority or the Presiding Officer in accordance with the President's Military Order and this Order. Grounds for closure include the protection of information classified or classifiable under reference (d); information protected by law or rule from unauthorized disclosure; the physical safety of participants in Commission proceedings, including prospective witnesses; intelligence and law enforcement sources, methods, or activities; and other national security interests. The Presiding Officer may decide to close all or part of a proceeding on the Presiding Officer's own initiative or based upon a presentation, including an *ex parte, in camera* presentation by either the Prosecution or the Defense. A decision to close a proceeding or portion thereof may include a decision to exclude the Accused, Civilian Defense Counsel, or any other person, but Detailed Defense Counsel may not be excluded from any trial proceeding or portion thereof. Except with the prior authorization of the Presiding Officer and subject to Section 9, Defense Counsel may not disclose any information presented during a closed session to individuals excluded from such proceeding or part thereof. Open proceedings may include, at the discretion of the Appointing Authority, attendance by the public and accredited press, and public release of transcripts at the appropriate time. Proceedings should be open to the maximum extent practicable.

Photography, video, or audio broadcasting, or recording of or at Commission proceedings shall be prohibited, except photography, video, and audio recording by the Commission pursuant to the direction of the Presiding Officer as necessary for preservation of the record of trial.

(4) Hold each session at such time and place as may be directed by the Appointing Authority. Members of the Commission may meet in closed conference at any time authorized by the Presiding Officer.

C. Oaths

(1) All members of a Commission, all Prosecutors, all Defense Counsel, all court reporters, all security personnel, and all interpreters shall take an oath to perform their duties faithfully.

(2) Each witness appearing before a Commission shall be examined under oath, as provided in Section 6(D)(2)(b).

(3) An oath includes an affirmation. Any formulation that appeals to the conscience of the person to whom the oath is administered and that binds that person to speak the truth, or, in the case of one other than a witness, properly to perform certain duties, is sufficient.

D. Evidence

(1) Admissibility

Evidence shall be admitted if, in the opinion of the Presiding Officer (or instead, if any other member of the Commission so requests at the time the Presiding Officer renders that opinion, the opinion of the Commission rendered at that time by a majority of the Commission) the evidence would have probative value to a reasonable person.

(2) Witnesses

(a) Production of Witnesses

The Prosecution or the Defense may request that the Commission hear the testimony of any person, and such testimony shall be received if found to be admissible and not cumulative. The Presiding Officer on his own initiative, or if requested by other members of the Commission, may also summon and hear witnesses. The Presiding Officer may permit the testimony of witnesses by telephone, audiovisual means, or other means; however, the Commission shall consider the ability to test the veracity of that testimony in evaluating the weight to be given to the testimony of the witness.

(b) Testimony

10

Testimony of witnesses shall be given under oath or affirmation. The Commission may still hear a witness who refuses to swear an oath or make a solemn undertaking; however, the Commission shall consider the refusal to swear an oath or give an affirmation in evaluating the weight to be given to the testimony of the witness.

### (c) Examination of Witnesses

A witness who testifies before the Commission is subject to both direct examination and cross examination. The Presiding Officer shall maintain order in the proceedings and shall not permit badgering of witnesses or questions that are not material to the issues before the Commission. Members of the Commission may submit written questions to the Presiding Officer for the witnesses at any time.

### (d) Protection of Witnesses

The Presiding Officer shall consider the safety of witnesses and others, as well as the safeguarding of Protected Information as defined in Section 6(D)(5)(a), in determining the appropriate methods of receiving testimony and evidence. The Presiding Officer may hear any presentation by the Prosecution or the Defense, including an *ex parte, in camera* presentation, regarding the safety of potential witnesses before determining the ways in which witnesses and evidence will be protected. The Presiding Officer may authorize any methods appropriate for the protection of witnesses and evidence. Such methods may include, but are not limited to: testimony by telephone, audiovisual means, or other electronic means; closure of the proceedings; introduction of prepared declassified summaries of evidence; and the use of pseudonyms.

### (3) Other Evidence

Subject to the requirements of Section 6(D)(1) concerning admissibility, the Commission may consider any other evidence including, but not limited to, testimony from prior trials and proceedings, sworn or unsworn written statements, physical evidence, or scientific or other reports.

### (4) Notice

The Presiding Officer may, after affording the Prosecution and the Defense an opportunity to be heard, take conclusive notice of facts that are not subject to reasonable dispute either because they are generally known or are capable of determination by resort to sources that cannot reasonably be contested. The Presiding Officer shall inform the other members of any facts conclusively noticed under this provision.

### (5) Protection of Information

#### (a) Protective Order

11

The Presiding Officer may issue protective orders as necessary to carry out the President's Military Order and this Order, including to safeguard "Protected Information," which includes: (i) information classified or classifiable pursuant to reference (d); (ii) information protected by law or rule from unauthorized disclosure; (iii) information the disclosure of which may endanger the physical safety of participants in Commission proceedings, including prospective witnesses; (iv) information concerning intelligence and law enforcement sources, methods, or activities; or (v) information concerning other national security interests. As soon as practicable, counsel for either side will notify the Presiding Officer of any intent to offer evidence involving Protected Information.

(b) Limited Disclosure

The Presiding Officer, upon motion of the Prosecution or *sua sponte*, shall, as necessary to protect the interests of the United States and consistent with Section 9, direct (i) the deletion of specified items of Protected Information from documents to be made available to the Accused, Detailed Defense Counsel, or Civilian Defense Counsel; (ii) the substitution of a portion or summary of the information for such Protected Information; or (iii) the substitution of a statement of the relevant facts that the Protected Information would tend to prove. The Prosecution's motion and any materials submitted in support thereof or in response thereto shall, upon request of the Prosecution, be considered by the Presiding Officer *ex parte, in camera*, but no Protected Information shall be admitted into evidence for consideration by the Commission if not presented to Detailed Defense Counsel. The Accused and the Civilian Defense Counsel shall be provided access to Protected Information falling under Section 5(E) to the extent consistent with national security, law enforcement interests, and applicable law. If access to such Protected Information is denied and an adequate substitute for that information, such as described above, is unavailable, the Prosecution shall not introduce the Protected Information as evidence without the approval of the Chief Prosecutor; and the Presiding Officer, notwithstanding any determination of probative value under Section 6(D)(1), shall not admit the Protected Information as evidence if the admission of such evidence would result in the denial of a full and fair trial.

(c) Closure of Proceedings

The Presiding Officer may direct the closure of proceedings in accordance with Section 6(B)(3).

(d) Protected Information as Part of the Record of Trial

All exhibits admitted as evidence but containing Protected Information shall be sealed and annexed to the record of trial. Additionally, any Protected Information not admitted as evidence but reviewed *in camera* and subsequently withheld from the Defense over Defense objection shall, with the associated motions and responses and any materials submitted in support thereof, be sealed and annexed to the record of trial as additional exhibits. Such sealed material shall be made available to reviewing authorities in closed proceedings.

E. Proceedings During Trial

The proceedings at each trial will be conducted substantially as follows, unless modified by the Presiding Officer to suit the particular circumstances:

>(1) Each charge will be read, or its substance communicated, in the presence of the Accused and the Commission.
>
>(2) The Presiding Officer shall ask each Accused whether the Accused pleads "Guilty" or "Not Guilty." Should the Accused refuse to enter a plea, the Presiding Officer shall enter a plea of "Not Guilty" on the Accused's behalf. If the plea to an offense is "Guilty," the Presiding Officer shall enter a finding of Guilty on that offense after conducting sufficient inquiry to form an opinion that the plea is voluntary and informed. Any plea of Guilty that is not determined to be voluntary and informed shall be changed to a plea of Not Guilty. Plea proceedings shall then continue as to the remaining charges. If a plea of "Guilty" is made on all charges, the Commission shall proceed to sentencing proceedings; if not, the Commission shall proceed to trial as to the charges for which a "Not Guilty" plea has been entered.
>
>(3) The Prosecution shall make its opening statement.
>
>(4) The witnesses and other evidence for the Prosecution shall be heard or received.
>
>(5) The Defense may make an opening statement after the Prosecution's opening statement or prior to presenting its case.
>
>(6) The witnesses and other evidence for the Defense shall be heard or received.
>
>(7) Thereafter, the Prosecution and the Defense may introduce evidence in rebuttal and surrebuttal.
>
>(8) The Prosecution shall present argument to the Commission. Defense Counsel shall be permitted to present argument in response, and then the Prosecution may reply in rebuttal.
>
>(9) After the members of the Commission, other than the Presiding Officer, deliberate and vote on findings in closed conference, the senior-ranking member who voted on findings shall announce the Commission's findings in the presence of the entire Commission, the Prosecution, the Accused, and Defense Counsel. The individual votes of the members of the Commission shall not be disclosed.
>
>(10) In the event a finding of Guilty is entered for an offense, the Prosecution and the Defense may present information to aid the Commission in determining an appropriate sentence. The Accused may testify and shall be subject to cross examination regarding any such testimony.

(11) The Prosecution and, thereafter, the Defense shall present argument to the Commission regarding sentencing.

(12) After the members of the Commission, other than the Presiding Officer, deliberate and vote on a sentence in closed conference, the senior-ranking member who voted on a sentence shall announce the Commission's sentence in the presence of the entire Commission, the Prosecution, the Accused, and Defense Counsel. The individual votes of the members of the Commission shall not be disclosed.

### F. Voting

In accordance with instructions from the Presiding Officer, the other members of the Commission shall deliberate and vote in closed conference. Such a Commission member shall vote for a finding of Guilty as to an offense if and only if that member is convinced beyond a reasonable doubt, based on the evidence admitted at trial, that the Accused is guilty of the offense. An affirmative vote of two-thirds of the other members is required for a finding of Guilty. When appropriate, the other members of the Commission may adjust a charged offense by exceptions and substitutions of language that do not substantially change the nature of the offense or increase its seriousness, or it may vote to convict of a lesser-included offense. An affirmative vote of two-thirds of the other members is required to determine a sentence, except that a sentence of death requires a unanimous, affirmative vote of all of the other members. Votes on findings and sentences shall be taken by secret, written ballot. The Presiding Officer shall not participate in, or be present during, the deliberations or votes on findings or sentence by the other members of the Commission.

### G. Sentence

Upon conviction of an Accused, in accordance with instructions from the Presiding Officer, the other members of the Commission shall impose a sentence that is appropriate to the offense or offenses for which there was a finding of Guilty, which sentence may include death, imprisonment for life or for any lesser term, payment of a fine or restitution, or such other lawful punishment or condition of punishment as the other members of the Commission shall determine to be proper. Only a Commission that includes at least seven other members may sentence an Accused to death. A Commission may (subject to rights of third parties) order confiscation of any property of a convicted Accused, deprive that Accused of any stolen property, or order the delivery of such property to the United States for disposition.

### H. Post-Trial Procedures

(1) Record of Trial

Each Commission shall make a verbatim transcript of its proceedings, apart from all Commission deliberations, and preserve all evidence admitted in the trial (including any sentencing proceedings) of each case brought before it, which shall constitute the record of trial. The court reporter shall prepare the official record of trial and submit it to the Presiding Officer for

authentication upon completion. The Presiding Officer shall transmit the authenticated record of trial to the Appointing Authority. If the Secretary of Defense is serving as the Appointing Authority, the record shall be transmitted to the Review Panel constituted under Section 6(H)(4).

### (2) Finality of Findings and Sentence

A Commission finding as to a charge and any sentence of a Commission becomes final when the President or, if designated by the President, the Secretary of Defense makes a final decision thereon pursuant to Section 4(c)(8) of the President's Military Order and in accordance with Section 6(H)(6) of this Order. An authenticated finding of Not Guilty as to a charge shall not be changed to a finding of Guilty. Any sentence made final by action of the President or the Secretary of Defense shall be carried out promptly. Adjudged confinement shall begin immediately following the trial.

### (3) Review by the Appointing Authority

If the Secretary of Defense is not the Appointing Authority, the Appointing Authority shall promptly perform an administrative review of the record of trial. If satisfied that the proceedings of the Commission were administratively complete, the Appointing Authority shall transmit the record of trial to the Review Panel constituted under Section 6(H)(4). If not so satisfied, the Appointing Authority shall return the case for any necessary supplementary proceedings.

### (4) Review Panel

The Secretary of Defense shall designate a Review Panel consisting of three Military Officers, which may include civilians commissioned pursuant to reference (e). At least one member of each Review Panel shall have experience as a judge. The Review Panel shall review the record of trial and, in its discretion, any written submissions from the Prosecution and the Defense and shall deliberate in closed conference. The Review Panel shall disregard any variance from procedures specified in this Order or elsewhere that would not materially have affected the outcome of the trial before the Commission. Within seventy-five days after receipt of the record of trial, the Review Panel shall either (a) forward the case to the Secretary of Defense with a recommendation as to disposition, or (b) return the case to the Appointing Authority for further proceedings, provided that a majority of the Review Panel has formed a definite and firm conviction that a material error of law occurred.

### (5) Review by the Secretary of Defense

The Secretary of Defense shall review the record of trial and the recommendation of the Review Panel and either return the case for further proceedings or, unless making the final decision pursuant to a Presidential designation under Section 4(c)(8) of the President's Military Order, forward it to the President with a recommendation as to disposition.

### (6) Final Decision

After review by the Secretary of Defense, the record of trial and all recommendations will be forwarded to the President for review and final decision (unless the President has designated the Secretary of Defense to perform this function). If the President has so designated the Secretary of Defense, the Secretary may approve or disapprove findings or change a finding of Guilty to a finding of Guilty to a lesser-included offense, or mitigate, commute, defer, or suspend the sentence imposed or any portion thereof. If the Secretary of Defense is authorized to render the final decision, the review of the Secretary of Defense under Section 6(H)(5) shall constitute the final decision.

## 7. REGULATIONS

### A. Supplementary Regulations and Instructions

The Appointing Authority shall, subject to approval of the General Counsel of the Department of Defense if the Appointing Authority is not the Secretary of Defense, publish such further regulations consistent with the President's Military Order and this Order as are necessary or appropriate for the conduct of proceedings by Commissions under the President's Military Order. The General Counsel shall issue such instructions consistent with the President's Military Order and this Order as the General Counsel deems necessary to facilitate the conduct of proceedings by such Commissions, including those governing the establishment of Commission-related offices and performance evaluation and reporting relationships.

### B. Construction

In the event of any inconsistency between the President's Military Order and this Order, including any supplementary regulations or instructions issued under Section 7(A), the provisions of the President's Military Order shall govern. In the event of any inconsistency between this Order and any regulations or instructions issued under Section 7(A), the provisions of this Order shall govern.

## 8. AUTHORITY

Nothing in this Order shall be construed to limit in any way the authority of the President as Commander in Chief of the Armed Forces or the power of the President to grant reprieves and pardons. Nothing in this Order shall affect the authority to constitute military commissions for a purpose not governed by the President's Military Order.

## 9. PROTECTION OF STATE SECRETS

Nothing in this Order shall be construed to authorize disclosure of state secrets to any person not authorized to receive them.

## 10. OTHER

This Order is not intended to and does not create any right, benefit, or privilege, substantive or procedural, enforceable by any party, against the United States, its departments, agencies, or

other entities, its officers or employees, or any other person. No provision in this Order shall be construed to be a requirement of the United States Constitution. Section and subsection captions in this document are for convenience only and shall not be used in construing the requirements of this Order. Failure to meet a time period specified in this Order, or supplementary regulations or instructions issued under Section 7(A), shall not create a right to relief for the Accused or any other person. Reference (f) shall not apply to this Order or any supplementary regulations or instructions issued under Section 7(A).

## 11. AMENDMENT

The Secretary of Defense may amend this Order from time to time.

## 12. DELEGATION

The authority of the Secretary of Defense to make requests for assistance under Section 5 of the President's Military Order is delegated to the General Counsel of the Department of Defense. The Executive Secretary of the Department of Defense shall provide such assistance to the General Counsel as the General Counsel determines necessary for this purpose.

## 13. EFFECTIVE DATE

This Order is effective immediately.

Donald H. Rumsfeld
Secretary of Defense