# EXHIBIT 5

# TO

# SUPPLEMENTAL PETITION OF BAHLOOL

# RECORD OF TRIAL

## COVER SHEET

### IN THE
### MILITARY COMMISSION
### CASE OF

## UNITED STATES
## V.
## ALI HAMZA AHMAD
## SULAYMAN AL BAHLUL

### ALSO KNOWN AS:

ALI HAMZA AHMED SULEIMAN AL BAHLUL
ABU ANAS AL MAKKI
ABU ANAS YEMENI
MOHAMMAD ANAS ABDULLAH KHALIDI

## No. 040003

## VOLUME ____ OF ____ TOTAL VOLUMES

### 1ST VOLUME OF TRANSCRIPT
### AUGUST 26, 2004 SESSION

### _United States v. Ali Hamza Sulayman al Bahlul_, No. 040003

## INDEX OF VOLUMES

A more detailed index for each volume is included at the front of the particular volume concerned. An electronic copy of the redacted version of this record of trial is available at http://www.defenselink.mil/news/commissions.html.

The volumes have not been numbered on the covers. The numerical order for the volumes of the record of trial, as listed below, as well as the total number of volumes will change as litigation progresses and additional documents are added.

After trial is completed, the Presiding Officer will authenticate the final session transcript and exhibits, and the Appointing Authority will certify the records as administratively complete. The volumes of the record of trial will receive their final numbering just prior to the Appointing Authority's administrative certification.

| VOLUME NUMBER | SUBSTANCE OF CONTENTS |
|---|---|
| I[*] | Military Commission Primary References (President's Military Order; Military Commission Orders; DoD Directive; Military Commission Instructions; Appointing Authority Regulations; Presiding Officer Memoranda)—includes rescinded publications |
| II[*] | Supreme Court Decisions: _Rasul v. Bush_, 542 U.S. 466 (2004); _Johnson v. Eisentrager_, 339 U.S. 763 (1950); _In re Yamashita_, 327 U.S. 1 (1946); _Ex Parte Quirin_, 317 U.S. 1 (1942); _Ex Parte Milligan_, 71 U.S. 2 (1866) |
| III[*] | DoD Decisions on Commissions including Appointing Authority orders and decisions |
| IV[*] | Federal Litigation in _Hamdan v. Rumsfeld_, at U.S. Supreme Court and D.C. Circuit |
| V[*] | Federal Litigation at U.S. District Courts |
| VI[*] | Transcript (August 26, 2004 session) |
| VII[*] | Review Exhibits 1-6 (August 26, 2004 session) |

---

[*] Interim volume numbers. Final numbers to be added when trial is completed.

# Index to Transcript and Exhibits

## Index of Transcript

### United States v. Ali Hamza Ahmad Sulayman al Bahlul

SESSIONS:

26 August 2004

| DESCRIPTION | PAGE # |
| --- | --- |
| List of Persons Present at Hearing | |
| Appointing Order presented to Commission (RE 1) | 1 |
| President's Reason To Believe Determination presented to Commission (RE 2) | 1 |
| List of interpreters presented to Commission (RE 3) | 1 |
| Commission Members and Others Sworn | 1 |
| Commission Assembled | 2 |
| The accused's language is Arabic | 2 |
| Protective Order regarding identity of interpreters presented to Commission (RE 4) | 2 |
| Order Detailing Prosecutors presented to Commission (RE 5) | 3 |
| Counsel Rights Explained | 3 |
| Accused asks to represent himself | 4 |
| Defense Counsel describe their qualifications | 4-6 |
| Accused asks for Yemeni attorney | 7-8 |
| Accused describes his background and experience | 9-10 |
| Accused states he is "from al Qaida" | 11 |

## Index to Transcript and Exhibits

Accused asks again to represent himself                                    **12**

Accused states he does not want appointed defense counsel to               **12**
    represent him

Order Detailing Defense Counsel presented to the Commission (RE 6)   **14**

Accused states he would like representation by Yemeni attorney            **14**
    but does not disclose the name of particular Yemeni attorney that
    he requests

Authentication page for hearing pages 1-18                                 **18**

UNITED STATES V. ALI HAMZA AHMAD SULAYMAN AL BAHLUL,
NO. 040003—INDEX OF REVIEW EXHIBITS

**Description of Exhibit**                           **PAGE No.**

1ST VOLUME OF REVIEW EXHIBITS:  REs 1-6 (7 PAGES)
SESSION OF AUG. 26, 2004

**RE 1** **Convening Order and Appointment of Military Commission Members, June 28, 2004 (2 pages)**     **1**

**RE 2** **Presidential Reason to Believe Determination, July 14, 2003 (1 page)**     **3**

**RE 3** **List of Interpreters (1 page)**     **4**

**RE 4** **Protective Order for Interpreters (1 page)**     **5**

**RE 5** **Detail of Prosecutors, July 28, 2004 (1 page)**     **6**

**RE 6** **Chief Defense Counsel details military defense counsel, February 3, 2004 (1 page)**     **7**

```
UNITED STATES                         )
                                      )
                                      )
                                      )
        v.                            )
                                      )   COMMISSIONS HEARING
                                      )
                                      )
ALI HAMZA AHMAD SULAYMAN AL BAHLUL    )
a/k/a Ali Hamza Ahmed Suleiman al Bahlul)
a/k/a Abu Anas al Makki               )
a/k/a Abu Anas al Yemeni              )
a/k/a Mohammad Anas Abdullah Khalidi  )
```

*held at*

*Guantanamo Bay, Cuba*

*on*

26 August 2004


PERSONS PRESENT:

| | |
|---|---|
| PRESIDING OFFICER: | Colonel Peter E. Brownback III, USA |
| PROSECUTION COUNSEL: | Commander ████████ USN |
| ASST PROSECUTOR: | Lieutenant Colonel ████████ USMC |
| | Captain ████████ USA |
| DEFENSE COUNSEL: | Lieutenant Commander Philip Sundel, USN |
| ASST DEFENSE COUNSEL: | Major Mark Bridges, USA |
| MEMBERS: | Colonel ████████ USMC |
| | Colonel ████████ USMC |
| | Colonel ████████ USAF |
| | Lieutenant Colonel ████████ USAF |
| ALTERNATE MBR: | Lieutenant Colonel ████████ USA |
| COURT REPORTERS: | Sergeant ████████ USMC |

*The Commission Hearing was called to order at 0931,*
*26 August 2004.*

PO:        The military commission is called to order.

P (CDR ███):  This military commission is convened by Appointing
           Order number 04-003, dated June 28th 2004; copies of
           which have been furnished to the members of the
           commission, counsel, and the accused, and which will be
           marked as Review Exhibit 1 and attached to the record.
           There are no corrections noted to the appointing order.
           The Presidential determination that the accused may be
           subject to trial by military commission has been marked
           as Review Exhibit 2 and has been provided to all
           members.

           The charge has been properly approved by the appointing
           authority and referred to this commission for trial.
           The prosecution caused a copy of the charge in English
           and Arabic, the accused's native language, to be served
           on the accused on August 12, 2004.

           The prosecution is ready to proceed in the commission
           trial of the United States versus Ali Hamza Sulayman al
           Bahlul.

           The accused, commission members, and alternate
           commission member named in the appointing order and
           detailed to this commission are present.

           All detailed counsel are present.

           Gunnery Sergeant███████ has been detailed reporter for
           this commission and has previously been sworn.

PO:        I'll note that she's gotten a promotion that she isn't
           aware of.

P (CDR ███):  Yes, sir.  Sergeant████████

           Security personnel have been detailed for this
           commission and have been previously sworn.

           The interpreters have been detailed for this commission
           and have also been previously sworn.  The full names of
           the interpreters who are providing interpretation for
           today's hearing are contained in Review Exhibit 3, a
           copy of which has been previously provided to the

                                1

defense and the reporters for inclusion in the record.

The bailiff has also previously been sworn.

PO:     Previously marked, shown to counsel, and signed is RE 4, a protective order concerning the identity of the interpreters. Either side object to that order?

P (CDR ████████): No, sir.

DC (LCDR Sundel): No, sir.

PO:     I have been designated as the presiding officer of this commission by the appointing authority, and I have been previously sworn. All other members of the commission and the alternate member will now be sworn.

All persons in the courtroom, please rise.

*The members were sworn.*

PO:     The commission is assembled.

I would ask before we continue all people who are going to speak to remember that we have to speak so the interpreters, the translators can translate.

Before continuing with preliminary matters, it is necessary for me to inquire into the accused's need for an interpreter.

Mr. al Bahlul, do you understand and speak English?

ACC:    I prefer to have an interpreter.

PO:     Would you repeat the translation, please?

ACC:    I prefer to have an interpreter present.

PO:     What language do you speak?

ACC:    Arabic language.

PO:     As I said earlier, translators have been appointed to this case. Do you understand the translation that is being made?

ACC:    Clear.

2

PO:        Commander ▮▮▮ please state the detailing and
           qualifications of the prosecution.

P (CDR ▮▮▮    Sir, all members of the prosecution have been
           detailed to this military commission by the chief
           prosecutor. All members of the prosecution are
           qualified under Military Commission Order Number 1,
           Paragraph 4(b), and we have previously been sworn. No
           member of the prosecution has acted in any manner which
           might tend to disqualify us in this proceeding. The
           detailing document has been marked as Review Exhibit 5
           and previously provided to the court reporter.

PO:        Commander Sundel, have either you or Major Bridges --
           well, have you and Major Bridges been properly detailed
           to this case?

DC (LCDR Sundel): We have, sir.

PO:        Has either of you acted in any manner inconsistent with
           your duties?

DC (LCDR Sundel): Not that I'm aware of.

PO:        I'll take that for a no.

           Mr. al Bahlul, pursuant to Military Commission Order
           Number 1, you are now at this moment, represented by
           your detailed counsel, Commander Sundel and Major
           Bridges. They are provided to you at no expense. You
           may also request a different military lawyer to
           represent you. If the person you ask for is reasonably
           available, he or she would be appointed to represent
           you. If that happens, your detailed counsel, Commander
           Sundel and Major Bridges, would normally be excused;
           however, you could request that they remain on the case.

           In addition, you may request to be represented by a
           civilian lawyer. A civilian lawyer would represent you
           at no expense to the government. Such a lawyer must be
           a United States citizen and certified to practice law in
           the United States. She or he must be eligible for a
           secret clearance and agree in writing to comply with the
           rules of the commissions. If you had a civilian lawyer,
           the detailed counsel, Commander Sundel and Major Bridges
           would remain on the case. Do you understand what I just
           said?

3

ACC:    Clear.

PO:     Do you have any questions about your rights to be being
        represented before this commission?

ACC:    Am I allowed to represent myself?

PO:     I'm referring to Military Commission Order Number 1,
        Paragraph 4(c), sub (4). It states, the accused must be
        represented at all relevant times by detailed defense
        counsel. So the answer is, no, you're not allowed to
        represent yourself.

ACC:    Excuse me. If I can ask the judge --

PO:     Please speak up.

ACC:    -- if I can to know the reason that disqualifies me from
        representing myself. I would like to know why, and if
        not --

PO:     Okay. Are you asking to represent yourself before this
        commission?

ACC:    Yes, I would like to represent myself.

PO:     Sir, could you please try speaking -- or move the mic
        closer to yourself.

ACC:    Yes, I would like to represent myself. [Interpreter: Is
        that better?]

PO:     Let's talk about that. I want to go over several matters
        with you so that you understand what such a request
        means. Let me talk about your detailed counsel.

        To be detailed counsel, they have to be qualified
        attorneys; that means that they have to be admitted to
        practice before the highest court of a state, and be
        commissioned as a judge advocate in one of the military
        services of the United States.

        Commander Sundel, you're obviously Navy. What state?

DC (LCDR Sundel):   I am barred in Maryland, sir.

PO:     Major Bridges you're Army. What state?

4

ADC (Maj Bridges):  Kentucky, sir.

PO:      Okay.  So Commander Sundel is admitted to practice in
         Maryland, and he's been certified by the Judge Advocate
         General of the Navy as a judge advocate.  Major Bridges
         is admitted in Kentucky, and he's been certified by the
         Judge Advocate General of the Army.

         Okay.  Second, before they got here, they were
         nominated; they were chosen by the Navy and the Army as
         representatives of those services to serve as defense
         counsel.  And then they were selected as defense counsel
         by Colonel Gunn who is the Chief Defense Counsel of the
         commissions.  He's an Air Force officer.  They have to
         have a security clearance, and they both do have
         security clearances; correct?

DC (LCDR Sundel):  Yes, sir.

ADC (Maj Bridges):  Yes, sir.

PO:      So they can see all the information for that tribunal or
         commission.  In addition to graduating from college and
         law school, they've each received extensive training in
         military law which is, at times, a confusing subset of
         law.  From the time they became judge advocates, they've
         learned not only military legal principles and
         terminology, but they've learned military terminology
         about troops and airplanes and ships and things like
         that.  And they've become familiar with the general
         military practice and how things are handled in the
         Departments of the Navy, Army, and the Department of
         Defense.

         And -- I resist making a comment about Kentucky -- they
         are both fluent in English, which is a necessity here.

         Perhaps even more importantly, they are not on trial
         here, which means that they are not personally involved,
         which means that they can remain objective in situations
         when a person about whom things are being said might
         become emotional or heated.  Do you understand what I've
         said so far?

ACC:     Yes, I understood.

PO:      Now, like I said before, Commander Sundel and Major
         Bridges are both judge advocates.  They have both been

5

detailed to represent you since the 3rd of February of 2004. During this period, while I'm not aware of their exact activities since they don't reveal things to me, I feel certain that they have been studying the law which is applicable to these proceedings, preparing various matters to present to the commission and to other authorities, and determining how best to represent you in front of the commission.

Given their background and training, they have the skill and knowledge to force the commission to apply the rules and the law on your behalf; and if they feel that the commission has not done so, they have instant access to computers to make and file motions. They can make objections. They can argue by analogy to federal, military, and international law; and they have research resources, both computer and personal, which will help them insure that your rights are represented or protected in these proceedings. Do you understand what I just said now?

ACC:     Yes, I understand. I have a question based on what you said. Are you done?

PO:      Not yet.

ACC:     When you're done.

PO:      No, I'm sorry. Yes, you may ask your question now.

ACC:     I have some idea about practicing law in Yemen. [To interpreter]

PO:      Excuse me. Could you please lean forward and speak just a little louder.

ACC:     I have some idea about practicing law in Yemen.

DC (LCDR Sundel): Excuse me, sir. I'm not sure that was exactly what Mr. al Bahlul said. My understanding is he said that he knows some people who practice law.

INT:     I do apologize, sir. Correction, I have --

ACC:     Nobody represents me until this point. I wish nobody would interrupt you while I'm talking. I have some people that do practice or are familiar with law in the country of Yemen from different areas.

6

If the American law, as far as I know, would allow me to be represented by a Yemeni attorney through American system, is it possible that I can be granted this, a Yemeni attorney. And as far as I know, if I'm right, that I cannot be represented by anybody other than an American. Is it possible that the Yemeni attorney, through the American attorney, can be involved in my case?

PO:    So we are talking correctly, so I can make sure I understood what you requested, referring again to MCO Number 1, Paragraph 4(c)(3), it states, in talking about civilian counsel -- which just means anyone who's not wearing a uniform -- that the attorney, the civilian must be a United States citizen. And you understood that you -- it appeared to me that you understand that.

Now, is what you are telling me that you want to have a Yemeni attorney provided at no expense to the government, meaning the United States Government, present to assist your detailed counsel, Commander Sundel and Major Bridges for this proceeding? I don't know, that's why I'm asking.

ACC:    Yes.

DC (LCDR Sundel):  Sir, if I just may?

PO:    Yeah, you may.

DC (LCDR Sundel):  I think perhaps what we may want to do is to clarify if his first preference is to represent himself; if that is not allowable, his second preference is to be represented exclusively by a Yemeni attorney; and if that is not allowable, his last preference is to be represented by military counsel, with a Yemeni attorney assistant.

PO:    Thank you for your assistance, I mean it.

You heard Commander Sundel, so now I'm going to ask you. I explained to you generally your rights to counsel. Detailed counsel, a requested military counsel, a civilian counsel, U.S. citizen, those are your rights to counsel. As you're sitting there, please just tell me, right now, what do you want? Do you want a second talk to someone? Honest, I mean -- do you want to take a --

7

ACC:     I have mentioned previously, and you answered it.  I asked
         if I can represent myself, you said no.  But what I
         meant -- I do not want an attorney representing me.
         I'll attend the sessions if it's mandatory to attend;
         I'll be here.  If I do have that choice attending the
         sessions, I'd rather not be here.  This is an order.

PO:      What was the last word, sir?

ACC:     If I do not have -- if it's have to attend the hearing,
         then I'd rather not attend.

PO:      I do not recall directing or stating that you are not
         allowed to represent yourself.  What I said and I read
         was the provision of the military commission order.  I
         am trying, honestly, to find out your desires and to
         find out something more about you and those desires.  I
         have not ignored what you said, but I want to find out
         some more before I say anything in that regard; okay?

ACC:     Good.

PO:      Commander ▓▓▓▓ did I say, on the record -- if I did --
         did I say he couldn't represent himself, or did I read
         from the -- I'm not trying to trick anyone.  I don't
         remember saying he could not represent himself.

P (CDR ▓▓▓▓  One moment, sir.  Sir, I believe that when you read
         the instruction, that's the reasonable interpretation of
         the instruction.

PO:      Order, but that's fine.

P (CDR ▓▓▓▓  The order that you read.

PO:      Okay.  I get to interpret my words, he gets to translate
         them.

         Before I say anything on that subject, Mr. al Bahlul,
         I'd like to know something more about you.  And if you
         wish, you can take a moment and talk with anyone and you
         can tell me whether or not you want to answer these
         questions.

         How old are you?

ACC:     You can ask me anything.  I don't need to go back to
         anybody.

8

PO:     How old are you?

ACC:    Thirty-six years.

PO:     How many years of formal education do you have?

ACC:    Sixteen years.

PO:     Have you spent much time in the American culture other
        than your time here at Guantanamo?

ACC:    This is personal, to me?

PO:     Yes, personally.

ACC:    Are you interested or is it important to you that I answer
        this question?

PO:     I'm asking the question because the proceedings that
        you're in front of are derived from our culture, and
        different cultures have different ways of handling
        things.  And I guess what I'm asking is this:  Is your
        knowledge of our culture sufficient to make things that
        would appear strange if you had no knowledge, not appear
        so strange?  That's all I'm asking.

ACC:    I have large amount of knowledge.

PO:     Okay.  Talking about language, we are using a translator
        now, but there are things that are said, no matter how
        good the translator might be, that lose something in
        translation.  And therefore, I ask:  Is your fluency
        level in English such that you can understand most of
        what's said without translation?

ACC:    Not a large scale.

PO:     Have you had any formal training in the law?  And here I'm
        not talking just about the American legal system, but
        any legal training.

ACC:    I've read legal matters and books.

PO:     Other than the legal motions that you've seen, have you
        ever studied international law or the law of war?  It's
        not something that most people may much attention to.

ACC:    Yes, I did.  I've read.

9

PO:        You have been given a copy of the charges against you at
           this proceeding -- and before you answer this question,
           please take time to consider my use of the word
           "understand". When I say "understand", what I mean is,
           do you comprehend, as they are written, what they are
           charging? Having put that caveat -- having put that
           explainers in, do you understand the charges against
           you?

ACC:       Very good.

PO:        Do you realize that because -- well, that in accordance
           with the President's military order and Military
           Commission Order Number 1, there may be evidence against
           you which you would not be allowed to see because of its
           protected nature?

ACC:       Do you have another question? The protected information,
           this is something that is intentional. The people that
           started this were the British, relating to Muslims.  I
           don't think it's fair that the evidence would not be
           presented and the accused cannot defend himself without
           seeing such evidence for himself, or even through an
           attorney.

PO:        You have made in your response, what you just said, a
           challenge to the structure, the way the commission is
           set up. And the commission will take a motion -- piece
           of paper on this.

           That wasn't my question. My question was: Whether you
           believe it's fair or not fair, do you understand right
           now that you will not be able to see certain evidence
           because it is either classified or protected. Right
           now, you can't see it. Do you understand that?

ACC:       For the protected evidence, let's put it aside. It's all
           well known in all those -- the civilian or the local,
           the decision is the evidence, especially if that
           decision is under no pressure, and based on the person
           without any -- without being placed under any pressure,
           and based on personal decision or preference.

           I know that the presiding officer is not interested that
           I decide that I am from al Qaida or not. Let the
           proceedings take its course regarding if I am guilty or
           not.

10

One point that I would like the judge to understand and the members or the panel, and the people -- the people that are the jurors, or the people that were sworn in, and the prosecutor, and the defense team that until this point does not represent me, and the visitors and detainees, and if it's being, you know, viewed via media channels, people that are watching as well, people of the entire globe should know, I testify that the American government is under no pressure.  Nobody has put the United States Government under pressure.  I am from al Qaida, and the relationship between me and September 11th --

PO:        Members -- thank you.  Please stop for a second.

           Members, you all understand that I am questioning Mr. al Bahlul in order to determine his representation. You all understand that; right?  You all understand that Mr. al Bahlul has not been placed under oath?

           Apparently so.

           You further understand that none of this is evidence in any way.  Do you all understand that?

           Apparently so.

           I apologize for interrupting you.

P (CDR ▬▬▬)    Sir, before we go on, we'd note our objection to that statement and ask for a recess.

PO:        What do you wish to discuss in the recess?

P (CDR ▬▬▬)    I think our objection is noted.  We don't think that's an accurate statement of commission law.

PO:        Thank you.  You may provide a brief on that matter.

P (CDR ▬▬▬)    Yes, sir.

PO:        Go on.

ACC:       I know that this is like an arraignment, and the questions are limited legally, and there is other sessions that will take place.  And it's normal from the presiding officer and the others sitting here take their time to see that probably they might render an improper

11

judgment; so that we don't really go into, you know,
side things, you know, over here.

In short, I would like to represent myself, and I'm
telling this to the presiding officer, or the judge.
For the questions that the judge have asked, for the
things that you need to know about me relating to being
familiar with the law and the new laws. Specifically,
there was new laws that were drafted in the United
States specifically after the September 11th incident.
I would like to file a motion to represent myself and
defend myself at the same time.

I can write or everybody in this room can be a witness
in the next sessions. Nobody should be worried relating
to me causing problems, or being loud, or basically
saying things that might be inflammatory. I can give
you my word, you know, my verbal promise, that basically
I would not, you know, go against that, what I'm saying
today.

From your questions, you know, you wanted to know my
level of law-wise, you know, legal terms, legal terms
relating to the local. I know all the Islamic laws and
according to your questions, basically wants to verify
my ability. And if the American system would not allow
me to defend myself, then I'll be forced to attend and
I'll be a listener. Only.

PO:         While I'm thinking, let me make a note that's an aside.    I
            have motioned at counsel and Mr. al Bahlul and myself
            with what I prefer to think of as a slow-down motion
            solely because we all talk too fast for the translators
            sometimes.

            You stated that up until this time, while Commander
            Sundel and Major Bridges were detailed as your counsel,
            they were not representing you.

ACC:        They don't represent me.

PO:         There's a term in the law called amicus curiae. What it
            means is a friend of the court. Would you permit
            Commander Sundel and Major Bridges to file, or to give
            to the commission on your behalf a motion requesting
            that you be allowed to represent yourself, which is what
            you've told me you want to do? Because until someone
            tells the commission that this order does not apply, the

                                    12

commission is not able to let you represent yourself.
And I further tell you that, based on my experience, the
best way to get an answer to your question would be to
have a motion filed.

Will you permit them to file a motion on your behalf,
not stating that they are representing you?

ACC:    If I represent that motion through me, through the legal
        term, that means I did have them represent me.

PO:     No, I have just said that they would file a motion as an
        amicus, meaning just as a friend of the commission.

ACC:    Friends of the commission?

PO:     As a --

ACC:    As a mediator between the two of us?

PO:     I would imagine that sitting there, Commander Sundel and
        Major Bridges have the desire to get you what you want,
        if they can.  No one on this commission is going to
        write a brief -- a brief is just the law that's attached
        to a motion -- which puts forth your side.  By allowing
        them to file an amicus brief, you have said and I've
        heard, we've all heard, it's on the record that they're
        not representing you.  And you -- by allowing them to
        file an amicus brief, you're not changing that.  You're
        just getting the benefit -- how long in the service,
        Major Bridges?  JAG Corps?

ADC (Maj Bridges):   Twelve-and-a-half years, sir.

DC (LCDR Sundel):   About 14 years, sir.

PO:     -- of 26-and-a-half years of legal training who are trying
        to get you what you want on this one issue.

ACC:    I would only stick to the verbal offer.

PO:     Well, you get your recess, Commander ▮▮▮▮ Court's in
        recess.

*The Commission Hearing recessed at 1028, 26 August 2004.*

*The Commission Hearing reconvened at 1110, 26 August 2004.*

13

PO:    The commission will come to order. Let the record reflect
       that all parties present when the commissions recessed
       are once again present.

       In looking at my notes, I note that I failed to mention
       on the record the defense counsel detailing letter which
       is already what, Commander ███████

P (CDR ███████    Six, sir.

PO:    Thank you. Mr. al Bahlul, in the course of our
       discussions, I believe I determined what it is you want.
       I'm going to ask you again so that I can make sure that
       I know. The first thing you want, your desires are that
       you be permitted to represent yourself before this
       commission; is that correct?

ACC:   Yes.

PO:    If that is not permitted, your second choice is to be
       represented by a Yemeni attorney; is that correct?

ACC:   As far as the Yemeni attorney is concerned, if I get the
       guarantees that he'll not be harmed neither by the
       Yemeni, nor by the American authority because of the
       sensitivity of the matter, and the sensitivity of the
       matter as far as the al Qaida case and the United States
       of America, if I get guarantees from the Yemeni
       government and the Americans that they will not be
       harmed, as far as the sensitivity of the matters, then I
       can appoint if law permits me to do so.

PO:    I'll rephrase my understanding. If you are not allowed to
       represent yourself, you wish to have a Yemeni lawyer
       represent you subject to the guarantees you just stated;
       is that correct?

ACC:   This is okay because I don't want anybody to be harmed
       because of me.

PO:    What you have posed, as I believe I stated before, are
       structural challenges to the commission proceedings.
       The commission, as it sits here, does not have the
       authority to make those structural changes.

       However, the commission will cause -- will make a
       transcript of everything that's been said and forward it
       to the people who can make or authorize structural

                              14

changes. You have told me that you do not wish
Commander Sundel and Major Bridges to do anything on
your behalf.

ACC:    Yes, either them or anybody else.

PO:     Commander Sundel, speaking for yourself and Major Bridges,
recognizing that Mr. al Bahlul says that you do not
represent him, I hereby direct you to provide, for
forwarding to the appointing authority, a motion. And
this motion will address two structural changes and your
support -- your legal support -- a motion. The
structural changes will be concerning the right of an
accused to represent himself, and the right of an
accused to get a foreign attorney to represent him.

Y'all have been on the case for a long time. By the --
I'm sorry, I also did not say, you will not in this
motion state that you are representing the views or
desires of Mr. al Bahlul. Any question about that?

DC (LCDR Sundel): No, sir.

PO:     Don't sit down yet. When can you have a well-reasoned and
well-researched brief on those matters prepared to send
forward?

DC (LCDR Sundel): I think we could have that ready a week from
tomorrow, sir. That would be the 3rd of September, sir.

PO:     Okay. Provide it to prosecution; prosecution, you provide
your response to Commander Sundel and Major Bridges in
their capacity as detailed counsel who are not
representing Mr. al Bahlul by the 17th of September.

You provide, Commander Sundel, by the 30th of September
your final reply and all the matters therewith to the
appointing authority, Mr. Altenburg.

I will provide both counsel -- I will provide the
prosecution and Commander Sundel and Major Bridges no
later than Saturday, a transcript of these proceedings
so that you both -- so that the prosecution and the
detailed defense counsel may see what Mr. al Bahlul
stated verbally on the record. This transcript will be
authenticated in due course.

All authenticated means, Mr. al Bahlul, is that I will

15

review it and sign it and say that's what happened and I
will forward it and a certified interlocutory question
to Mr. Altenburg for his action. And all that should
arrive for him to start work on by the 30th of
September.

Commander ████ is there anything else that I can do at
this time, in your opinion, to frame the issue or to get
this matter resolved?

P (CDR ████    No, sir. We believe what you laid out is the
approved course of action.

PO:    Mr. al Bahlul, you've heard what I've said. The
appointing authority will be the one to start the
decision making on this process. If you wish to submit
any matters to Mr. Altenburg other than what you've
stated on the record here today, those matters will have
to be forwarded so as to reach him by the 30th of
September.

ACC:    And it is about what?

PO:    About the whole thing we've been talking. Earlier, you
stated that you did not want to put anything in writing;
you wanted it to be all words. I have told you --

ACC:    A verbal request. Like he said earlier, verbal request.

PO:    What you stated verbally, has been taken down by Sergeant
████ and it will become written. I am telling you,
though, that if you change your mind -- I'm not telling
you to change your mind -- I'm saying if you change your
mind and you want to submit anything to Mr. Altenburg
those matters have got to reach him by the 30th of
September.

Anything else, Commander ████

P (CDR ████    No, sir.

PO:    Members?

I am not going to set a date for the next hearing in
this case. Once Mr. Altenburg or others in the chain
make a decision, I'll do something then; okay?

All rise. Court's in recess.

*The Commissions Hearing recessed at 1125, 26 August 2004.*

**AUTHENTICATION OF COMMISSIONS PROCEEDINGS**

*in the case of*

United States v. ALI HAMZA AHMAD SULAYMAN AL BAHLUL

a/k/a Ali Hamza Ahmed Suleiman al Bahlul
a/k/a Abu Anas al Makki
a/k/a Abu Anas al Yemeni
a/k/a Mohammad Anas Abdullah Khalidi

This is to certify that Pages __1__ through __18__ are an accurate and verbatim transcript of the foregoing proceedings.

_____
Peter E. Brownback III
Colonel, U.S. Army
Presiding Officer

27 AUGUST 2004
_____
*Date*

18

# RECORD OF TRIAL

## COVER SHEET

### IN THE
### MILITARY COMMISSION
### CASE OF

### UNITED STATES
### V.
### ALI HAMZA AHMAD
### SULAYMAN AL BAHLUL

#### ALSO KNOWN AS:

**ALI HAMZA AHMED SULEIMAN AL BAHLUL**
**ABU ANAS AL MAKKI**
**ABU ANAS YEMENI**
**MOHAMMAD ANAS ABDULLAH KHALIDI**

## NO.  040003

## VOLUME ____ OF ____ TOTAL VOLUMES

### 1ST VOLUME
### OF REVIEW EXHIBITS (RE):  REs 1-6
### AUGUST 26, 2004 SESSION

## _United States v. Ali Hamza Sulayman al Bahlul_, No. 040003

### INDEX OF VOLUMES

A more detailed index for each volume is included at the front of the particular volume concerned. An electronic copy of the redacted version of this record of trial is available at http://www.defenselink.mil/news/commissions.html.

The volumes have not been numbered on the covers. The numerical order for the volumes of the record of trial, as listed below, as well as the total number of volumes will change as litigation progresses and additional documents are added.

After trial is completed, the Presiding Officer will authenticate the final session transcript and exhibits, and the Appointing Authority will certify the records as administratively complete. The volumes of the record of trial will receive their final numbering just prior to the Appointing Authority's administrative certification.

<table>
<tr><td><b>VOLUME<br>NUMBER</b></td><td><b>SUBSTANCE OF CONTENTS</b></td></tr>
<tr><td>I[*]</td><td>Military Commission Primary References (President's Military Order; Military Commission Orders; DoD Directive; Military Commission Instructions; Appointing Authority Regulations; Presiding Officer Memoranda)—includes rescinded publications</td></tr>
<tr><td>II*</td><td>Supreme Court Decisions: <i>Rasul v. Bush</i>, 542 U.S. 466 (2004); <i>Johnson v. Eisentrager</i>, 339 U.S. 763 (1950); <i>In re Yamashita</i>, 327 U.S. 1 (1946); <i>Ex Parte Quirin</i>, 317 U.S. 1 (1942); <i>Ex Parte Milligan</i>, 71 U.S. 2 (1866)</td></tr>
<tr><td>III*</td><td>DoD Decisions on Commissions including Appointing Authority orders and decisions</td></tr>
<tr><td>IV*</td><td>Federal Litigation in <i>Hamdan v. Rumsfeld</i>, at U.S. Supreme Court and D.C. Circuit</td></tr>
<tr><td>V*</td><td>Federal Litigation at U.S. District Courts</td></tr>
<tr><td>VI*</td><td>Transcript (August 26, 2004 session)</td></tr>
<tr><td>VII*</td><td>Review Exhibits 1-6 (August 26, 2004 session)</td></tr>
</table>

---

[*] Interim volume numbers. Final numbers to be added when trial is completed.

# Index to Transcript and Exhibits

## Index of Transcript

### United States v. Ali Hamza Ahmad Sulayman al Bahlul

SESSIONS:

**26 August 2004**

| DESCRIPTION | PAGE # |
|---|---|
| List of Persons Present at Hearing | |
| Appointing Order presented to Commission (RE 1) | 1 |
| President's Reason To Believe Determination presented to Commission (RE 2) | 1 |
| List of interpreters presented to Commission (RE 3) | 1 |
| Commission Members and Others Sworn | 1 |
| Commission Assembled | 2 |
| The accused's language is Arabic | 2 |
| Protective Order regarding identity of interpreters presented to Commission (RE 4) | 2 |
| Order Detailing Prosecutors presented to Commission (RE 5) | 3 |
| Counsel Rights Explained | 3 |
| Accused asks to represent himself | 4 |
| Defense Counsel describe their qualifications | 4-6 |
| Accused asks for Yemeni attorney | 7-8 |
| Accused describes his background and experience | 9-10 |
| Accused states he is "from al Qaida" | 11 |

## Index to Transcript and Exhibits

**Accused asks again to represent himself**                                    <u>12</u>

**Accused states he does not want appointed defense counsel to**               <u>12</u>
**    represent him**

**Order Detailing Defense Counsel presented to the Commission (<u>RE 6</u>)**   <u>14</u>

**Accused states he would like representation by Yemeni attorney**             <u>14</u>
**    but does not disclose the name of particular Yemeni attorney that**
**    he requests**

**Authentication page for hearing pages 1-18**                                 <u>18</u>

UNITED STATES V. ALI HAMZA AHMAD SULAYMAN AL BAHLUL,
NO. 040003—INDEX OF REVIEW EXHIBITS

**Description of Exhibit**                                           **PAGE No.**

## 1ST VOLUME OF REVIEW EXHIBITS: REs 1-6 (7 PAGES)
## SESSION OF AUG. 26, 2004

**RE 1** **Convening Order and Appointment of Military**              **1**
         **Commission Members, June 28, 2004 (2 pages)**

**RE 2** **Presidential Reason to Believe Determination,**            **3**
             **July 14, 2003 (1 page)**

**RE 3** **List of Interpreters (1 page)**                            **4**

**RE 4** **Protective Order for Interpreters (1 page)**               **5**

**RE 5** **Detail of Prosecutors, July 28, 2004 (1 page)**            **6**

**RE 6** **Chief Defense Counsel details military defense counsel,**  **7**
         **February 3, 2004 (1 page)**

1

No. 040003

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>ALI HAMZA AHMAD SULAYMAN AL BAHLUL<br>a/k/a Ali Hamza Ahmed Suleiman al Bahlul<br>a/k/a Abu Anas al Makki<br>a/k/a Abu Anas Yemeni<br>a/k/a Mohammad Anas Abdullah Khalidi | )<br>)<br>)<br>)<br>)    **Military Commission**<br>)       **Members**<br>)<br>)     June 28, 2004<br>)<br> |

The following officers are appointed to serve as a Military Commission for the purpose trying any and all charges referred for trial in the above-styled case. The Military Commission will meet at such times and places as directed by the Appointing Authority or the Presiding Officer. Each member of the Military Commission will serve until relieved by proper authority.

In the event of incapacity, resignation, or removal of a member who has not been designated as the Presiding Officer, the alternate member is automatically appointed as a member.

Colonel Peter E. Brownback, III, USA (Retired), Presiding Officer
Colonel ████████ Jr., USMC, Member
Colonel ████████ USMC, Member
Colonel ████████ USAF, Member
Lieutenant Colonel ████████ USAF, Member
Lieutenant Colonel ████████ USA, Alternate Member

*[signature]*

John D. Altenburg, Jr.
Appointing Authority
for Military Commissions

**Review Exhibit** ___1___

**Page** __1__ **of** _2_

No. 040003

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>ALI HAMZA AHMAD SULAYMAN AL BAHLUL<br>a/k/a Ali Hamza Ahmed Suleiman al Bahlul<br>a/k/a Abu Anas al Makki<br>a/k/a Abu Anas Yemeni<br>a/k/a Mohammad Anas Abdullah Khalidi | )<br>)<br>)<br>)<br>)  **Approval of Charge**<br>)  **And Referral**<br>)<br>)  June 28, 2004<br>) |

     The charge against Ali Hamza Ahmad Sulayman al Bahlul (a/k/a Ali Hamza Ahmed Suleiman al Bahlul, a/k/a Abu Anas al Makki, a/k/a Abu Anas Yemeni, a/k/a Mohammad Anas Abdullah Khalidi) is approved and referred to the Military Commission identified at Encl 1. The Presiding Officer will notify me not later than July 15, 2004, of the initial trial schedule, including dates for submission and argument of motions, and a convening date.

John D. Altenburg, Jr.
Appointing Authority
for Military Commissions

**Page 2 of 2**

RE 1

FRI -03-2002  06:13                                                          P.03

~~SECRET/NOFORN~~

## THE WHITE HOUSE
### WASHINGTON

OFFICE OF THE
SECRETARY OF DEFENSE

2003 JUL 14 PM 5: 12

TO THE SECRETARY OF DEFENSE:

Based on the information available to me from all sources, including the factual summary
from the Department of Defense Criminal Investigation Task Force dated June 24, 2003
and forwarded to me by the Deputy Secretary of Defense by letter dated July 1, 2003;

Pursuant to the Military Order of November 13, 2001 on "Detention, Treatment, and
Trial of Certain Non-Citizens in the War Against Terrorism";

In accordance with the Constitution and consistent with the laws of the United States,
including the Authorization for Use of Military Force Joint Resolution (Public Law 107-
40);

I, GEORGE W. BUSH, as President of the United States and Commander in Chief of the
Armed Forces of the United States, hereby DETERMINE for the United States of
America that in relation to Ali Hamza Ahmad Sulayman al-Bahlul, Department of
Defense Internment Serial No. US9YM-00039DP, who is not a United States citizen:

(1) There is reason to believe that he, at the relevant times:
      (a) is or was a member of the organization known as al Qaida;
      (b) has engaged in, aided or abetted, or conspired to commit, acts of international
      terrorism, or acts in preparation therefor, that have caused, threaten to cause, or
      have as their aim to cause, injury to or adverse effects on the United States, its
      citizens, national security, foreign policy, or economy; or
      (c) has knowingly harbored one or more individuals described in subparagraphs
      (a) or (b) above.
(2) It is in the interest of the United States that he be subject to the Military Order of
November 13, 2001.

Accordingly, it is hereby ordered that, effective this day, Ali Hamza Ahmad Sulayman al-
Bahlul shall be subject to the Military Order of November 13, 2001.

DATE: _July 3 2003_
White House Office-controlled Document

DECLASSIFIED IAW
JTF-GTMO-J2 SCG, 01JUN2004
DECLASSIFIED ON: 29AUG2004

Review Exhibit _2_

Page _1_ of _1_

X02375 /03

<u>Interpreters</u>

███████████████

████████

████████████

Review Exhibit ___3___

Page___1___ of ___1___

## REVIEW EXHIBIT 4

**1.  Review Exhibit (RE) 4 states that the names of the interpreters are protected information, and describes a process for ensuring the names of the interpreters are not released to the public.**

**2.  RE 4 states that the contractor providing language-translation services for military commissions requested that the names of translators not be released to the public.  The Presiding Officer ordered that the names of the translators not be mentioned at the hearing or included in the record of trial that is made available to the public.  The names of the translators will be attached to the record as a sealed exhibit.**

**3.  The order itself, RE 4, was classified "For Official Use Only" (FOUO).   RE 4 consists of one page of text.**

**4.  Material classified as FOUO, absent permission from the classification authority, is not releaseable for posting on the Department of Defense (DoD) Public Affairs web site.**

**5.  The authority for the Presiding Officer's protective order is DoD Military Commission Order No. 1, paragraph 6(D)(5) (Aug. 31, 2005).**

**6.  I certify that this is an accurate summary of sealed RE 4.**


**//Signed//**

**M. Harvey**
**Chief Clerk**
**    of Commissions**



**DEPARTMENT OF DEFENSE**
**OFFICE OF THE CHIEF PROSECUTOR**
1610 DEFENSE PENTAGON
WASHINGTON, DC 20301-1610

July 28, 2004

MEMORANDUM FOR COMMANDER███████████USN
                LIEUTENANT COLONEL█████████████USMC
                LIEUTENANT COLONEL█████████████USMC
                MAJOR██████████USA
                CAPTAIN████████USA
                LIEUTENANT██████████USNR
                CAPTAIN████████████USAFR

SUBJECT: Detailed Prosecutors

Consistent with my authority as Chief Prosecutor and the provisions of Sections 4B(2) of
Military Commission Order No. 1, dated March 21, 2002, and Section 3B(9) of Military
Commission Instruction No. 3, dated April 30, 2003, the above named counsel are detailed and
designated as follows:

United States v. al Bahlul
Detailed Prosecutor: Commander███████████
Detailed Assistant Prosecutors: Lieutenant Colonel██████████Captain████████

United States v. al Qosi
Detailed Prosecutor: Lieutenant Colonel██████████
Detailed Assistant Prosecutors: Lieutenant███████ Captain█████████

United States v. Hamdan
Detailed Prosecutor: Commander████████
Detailed Assistant Prosecutors: Captain█████████

United States v. Hicks
Detailed Prosecutor: Lieutenant Colonel████████
Detailed Assistant Prosecutors: Major█████████

ROBERT SWANN
Colonel, U.S. Army
Chief Prosecutor
Office of Military Commissions

cc:
Deputy Chief Prosecutor
Mr.████████████

Review Exhibit ___5___

Page ___1___ Of ___1___



**DEPARTMENT OF DEFENSE**
OFFICE OF GENERAL COUNSEL
1600 DEFENSE PENTAGON
WASHINGTON, DC 20301-1600



3 February 2004

MEMORANDUM DETAILING DEFENSE COUNSEL

TO:  LCDR PHILIP SUNDEL AND MAJOR MARK BRIDGES

SUBJECT:  DETAILING LETTER REGARDING MILITARY COMMISSION
PROCEEDINGS OF ALI HAMZA AHMAD SULAYMAN AL BAHLUL

Pursuant to the authority granted to me by my appointment as
Chief Defense Counsel; Sections 4C and 5D of Military Order No.
1, dated March 21, 2002; and Section 3B8 of Military Commission
Instruction No. 4, dated April 30, 2003, you are hereby detailed
as Military Counsel for all matters relating to Military
Commission proceedings involving Ali Hamza Ahmad Sulayman al
Bahlul.  Your appointment exists until such time any findings
and sentence become final as defined in Section 6(H)(2) of
Military Commission Order No. 1 unless you are excused from
representing Mr. al Bahlul by me or my successor

In your representation of Mr. al Bahlul, you are directed to
review and comply with the Presidential Military Order of
November 13, 2001, "Detention, Treatment, and Trial of Certain
Non-Citizens in the War Against Terrorism," (66 FR 57833);
Military Commission Orders No. 1 and 2 and Military Commission
Instructions 1 through 9 and all Supplementary Regulations and
Instructions issued in accordance therewith.  Specifically, you
are directed to ensure that your conduct and activities are
consistent with the prescriptions and proscriptions specified in
Section II of the Affidavit And Agreement By Civilian Defense
Counsel at Appendix B to Military Instruction No. 5.

You are directed to inform Mr. al Bahlul of his rights before a
Military Commission.  In the event that Mr. al Bahlul chooses to
exercise his rights to Selected Military Counsel or his right to
Civilian Defense Counsel at his own expense, you shall inform me
as soon as possible.

In the event that you become aware of a conflict of interest
arising from the representation of Mr. al Bahlul before a
Military Commission, you shall immediately inform me of the
nature and facts concerning such conflict.  You should be aware
that in addition to your State Bar and Service Rules of
Professional Conduct that by virtue of your appointment to the
Office of  Military Commissions you will be attached to the
Defense Legal Services Agency and will be subject to



Review Exhibit __6__

Page __1__ of __2__

professional supervision by the Department of Defense General
Counsel.

You are directed to inform me of all requirements for personnel,
office space, equipment, and supplies necessary for preparation
of the defense of Mr. al Bahlul.

Colonel Will A. Gunn, USAF
Chief Defense Counsel
Office of Military Commissions

cc:
Col ▓▓▓▓
General Hemingway
Mr. ▓▓▓▓

2

Page 2 of 2