**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ISSAM HAMID ALI BIN ALI AL JAYFI, et al., | ) | |
| Petitioners, | ) | |
| v. | ) | Civil Action No: 05-2104 (RBW) |
| GEORGE WALKER BUSH, et al., | ) | |
| Respondents. | ) | |

**ORDER**

Currently before the Court are the (1) the Petitioners' Motion for the Immediate Issuance of Writs of Habeas Corpus Pursuant to 28 U.S.C. § 2243 or, Alternatively, to Issue an Order to Show Cause ("Pet. Mot."); (2) the Respondents' Motion to Stay Proceedings Pending Related Appeals and Opposition to Petitioners' Motion for the Immediate Issuance of Writs of Habeas Corpus Pursuant to 28 U.S.C. § 2243 or, Alternatively, to Issue an Order to Show Cause ("Resp. Mot."); (3) the Petitioners' Partial Consent to Respondents' Motion to Stay Proceedings and Reply to Respondents' Opposition to Motion for Writs of Habeas Corpus or Order to Show Cause ("Pet. Opp'n"); and (4) the Respondents' Reply Memorandum in Support of Motion to Stay Proceedings Pending Related Appeals and Opposition to Petitioners' Motion for the Immediate Issuance of Writs of Habeas Corpus Pursuant to 28 U.S.C. § 2243 or, Alternatively, to Issue an Order to Show Cause ("Resp. Reply"). For the reasons set forth below, the Court will deny the petitioners' motion for the immediate issuance of Writs of Habeas Corpus, and grant the respondents' motion to stay.

The respondents seek to stay the proceedings in this case, along with all other Guantanamo Bay detainee cases, pending the resolution of the appeals in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005) and Khalid v. Bush and Boumediene v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005).  Pet. Mot. at 9-11.  Specifically, the respondents contend that "[t]he outcome of the appeals will determine how all of the Guantanamo detainee cases should proceed, if at all."  Resp. Mot. at 9.  Moreover, they opine that further proceedings before this Court prior to the resolution of the appeals would require the expenditure of judicial and other resources that may be avoided as a result of the appeals, and, in any event, such proceedings very likely would have to be revisited or relitigated.  Id. at 11.  The petitioners consent to the stay of these proceedings subject to three limitations.  Pet. Opp'n at 1.  First, the petitioners seek factual returns for each detainee.  Id. at 2.  Second, the petitioners request basic factual information concerning each detainee, including whether he is alive and being held at Guantanamo Bay, Cuba, whether he has completed his Combatant Status Review Tribunal ("CSRT"), and if so, whether he has been designated as an Enemy Combatant, or given some other status, and his Internee Classification Number.  Id. at 2. Finally, the petitioners request an order requiring the respondents "to preserve all potentially relevant documents and information concerning Petitioners and the circumstances of their capture and detention."  Id. at 3.

The Court agrees that it is apparent that resolution of the pending appeals will likely address many, if not all, of the legal issues raised in the petition in this case.  In fact, the outcome of these appeals will likely determine how all of the Guantanamo detainee cases should proceed and will provide guidance to this Court on how to address the petitioners' claims.  Therefore, this Court concludes that all proceedings in this case should be stayed until final resolution of the

three cases pending before the District of Columbia Circuit, as doing so will avoid unnecessary litigation and is therefore in the interest of judicial economy.[1] The Court will now turn to the petitioners' alternative positions.

The respondents contend that "it makes no sense for the government to process and submit factual returns with respect to . . . the petitions . . . when the [District of Columbia] Circuit will be considering the proper scope of these habeas proceedings, including whether the claims can be dismissed without reference to specific factual returns." Resp. Mot. at 11-12. In addition, the respondents argue that the submission of factual returns is extremely burdensome and "risks the inadvertent disclosure of classified information." Id. at 12. The petitioners argue, in response, that providing factual returns would not be an unduly burdensome task because most of the information has already been complied for the CSRTs. Pet. Opp'n at 4-5. Moreover, they note that there is no reason to fear inadvertent disclose of classified information because counsel for the petitioners have been granted security clearance, and understand their non-disclosure obligations when reviewing classified information. Id. at 6.

This Court, along with other judges on this Court, have required the government to produce factual returns in cases that are otherwise stayed. See Battayav v. Bush, No. 05-CV-714 (RBW) (D.D.C. May 18, 2005); Resp. Mot. at 13-14. When presented with a similar issue, another member of this Court noted that "[a]lthough the Court is sensitive to the concerns of respondents, the factual returns appear necessary for petitioners' counsel effectively to represent petitioners. Indeed, even initial conversations by counsel with their clients may be very difficult

[1] Other judges of this Court, when presented with a similar petition, have ordered stays. See Resp. Mot. at 7-8 n.6 and cases cited therein.

without access to that basic factual information." Al-Anazi v. Bush, 370 F. Supp. 2d 188, 199-200 (D.D.C. 2005). This Court agrees, and must conclude that the government should produce factual returns for the petitioners in this case within 120 days.[2]

The petitioners also request basic factual information concerning each detainee, including whether he is alive and being held at Guantanamo Bay, Cuba; whether he has completed his CSRT, and if so, whether he has been designated as an Enemy Combatant, or given some other status; and, his Internee Classification Number. Pet. Opp'n at 2. It appears that the respondents have already provided some of this information to the petitioners. Resp. Reply at 2 n.2 (noting that the two identified petitioners have been determined to be enemy combatants). Moreover, much of this factual information will be included in the factual returns that the respondents have been ordered to provide, or will be provided when the petitioners' counsel requests to visit their clients. Resp. Mot. at 12, n.9 ("[a] factual return for a petitioner in a Guantanamo detainee cases typically has consisted of the record of proceedings before the Combatant Status Review Tribunal that confirmed petitioner's status as an enemy combatant properly subject to detention."); Resp. Reply at 4 n.4 (noting that the Internment Serial Number of detainees are "typically provided in connection with a request by counsel for a visit with a properly represented petitioner."). Accordingly, the petitioners will receive all the information they have requested, and this Court can find no reason for the issuance of a separate order requiring that this information be provided.

---

[2] This order shall only apply to those petitioenrs who have actually been identified as detainees at Guantanamo Bay, Cuba. The parties are directed to continue to work together to determine whether the remaining petitioners are detained at Guantanamo Bay, Cuba. If the remaining petitioners are identified as detainees at Guantanamo Bay, Cuba, the respondents will have 120 days from the date of identification to submit factual returns for those individuals.

The petitioners' remaining request—entry of an order requiring the respondents to collect and preserve documents—is not properly before the Court. "A motion to preserve evidence is an injunctive remedy and should issue only upon an adequate showing that equitable relief is warranted." Madden v. Wyeth, 2003 WL 21443404, at *1 (N.D. Tex. Apr. 16, 2003) (citing Pepsi-Cola Bottling Co. of Olean v. Cargill, Inc., 1995 WL 783610, at *3-4 (D. Minn. Oct. 20, 1995); Humble Oil & Refining Co. v. Harang, 262 F. Supp. 39, 42-43 (E.D. La. 1966)). In this case, the petitioners simply make a request to preserve documents, but fail to make any showing that the equitable relief they seek is warranted. Pet. Reply at 6. Moreover, the Court is quite certain that the respondents understand their obligation not to destroy evidence that may be relevant in pending litigation. Nonetheless, at least one other member of this Court has issued an Order requiring the preservation of "all evidence and information regarding the torture, mistreatment, and abuse of detainees now at the Guantanamo Bay detention facility." Al-Marri v. Bush, No. 04-2035, at 1-2 (D.D.C. March 7, 2005). This order requires the preservation of all documents relating to detainee abuse, not just the retention of documents relating to the petitioners in that case, thus the respondents are already under an obligation to preserve relevant documents. Accordingly, the Court will deny this request.

Accordingly, it is hereby this 22nd day of December, 2005

**ORDERED** that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004 in In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. 2004), the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004 in In re Guantanamo Detainee Cases, and

the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004 in In re Guantanamo Detainee Cases, shall also apply to this case.  It is further

**ORDERED** that the respondents' motion to stay pending resolution of all appeals in Khalid v. Bush, Boumediene v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-562, 05-5063 (D.C. Cir. Mar. 2, 2005), and In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal, No. 05-5064 (D.C. Cir. March 10, 2005) is **GRANTED**.  It is further

**ORDERED** that the petitioners' motion for immediate issuance of writs of habeas corpus or, alternatively, to issue an order to show cause is **DENIED**.  It is further

**ORDERED** that the respondents shall produce factual returns in this case within 120 days of the entry of this Order for each petitioner that has been identified as a detainee at Guantanamo Bay, Cuba.  It is further

**ORDERED** that if the remaining petitioners are identified as detainees at Guantanamo Bay, Cuba, the respondents will have 120 days from the date of identification to submit factual returns for those petitioners.  It is further

**ORDERED** that the petitioners' request for factual information including: (1) whether each petitioner is alive and being held in Guantanamo Bay, Cuba; (2) whether each petitioner has completed his CSRT, and if so whether he has been designated an Enemy Combatant or has been given some other status; and (3) each Petitioners' Internee Classification Number is **DENIED**.  It is further

**ORDERED** that the petitioners' request to require the respondents to collect and preserve

all documents relating to the petitioners and detainee abuse at Guantanamo Bay is **DENIED**.

**SO ORDERED.**

REGGIE B. WALTON
United States District Judge