# EXHIBIT C

Case 2:04-cv-00777-RSL   Document 13-1   Filed 04/23/2004   Page 1 of 11
Case 1:05-cv-02104-UNA   Document 15-4   Filed 12/30/2005   Page 2 of 12

EXHIBIT C

Judge Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Lieutenant Commander CHARLES SWIFT, ) 
as next friend for SALIM AHMED )
HAMDAN, Military Commission Detainee, )
Camp Echo, Guantanamo Bay Naval Base, )   NO. C04-0777RSL
Guantanamo, Cuba, )
) **NOTICE OF MOTION AND**
                                  Petitioner, )   **MOTION FOR ORDER HOLDING**
) **PETITION IN ABEYANCE;**
              v. )   **MEMORANDUM OF POINTS**
) **AND AUTHORITIES IN**
DONALD H. RUMSFELD, United States )   **SUPPORT THEREOF**
Secretary of Defense; JOHN D. )
ALTENBURG, Jr., Appointing Authority for )
Military Commissions, Department of )   (Note on Motion Calendar for:
Defense; Brigadier General THOMAS L. )       May 14, 2004)
HEMINGWAY, Legal Advisor to the )
Appointing Authority for Military )
Commissions; Brigadier General JAY HOOD, )
Commander Joint Task Force, Guantanamo, )
Camp Echo, Guantanamo Bay, Cuba; )
GEORGE W. BUSH, President of the United )
States, )
)
                                  Respondents. )
)
_____ )

Respondents, through their attorneys, hereby move this Court for an order that the petition filed herein be held in abeyance. This motion is made on the ground that prior practice, principles of judicial economy, and considerations of inter-branch comity and separation of powers, strongly support respondents' request.

NOTICE OF MOTION AND MOTION FOR ORDER HOLDING PETITION IN ABEYANCE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 1
(C04-0777RSL)

Case 2:04-cv-00777-RSL    Document 13-1    Filed 04/23/2004    Page 2 of 11
Case 1:05-cv-02104-UNA    Document 13-4    Filed 12/30/2005    Page 3 of 12
EXHIBIT C

1    This motion is made and based on the accompanying memorandum of points and
2    authorities, the pleadings and papers filed herein, and such oral argument as the Court may
3    entertain.

4

5    DATED this __23__ day of ____April____, 2004.

6                                                Respectfully submitted,

7                                                JOHN McKAY
                                                 United States Attorney

8                                                PAUL C. CLEMENT
                                                 Deputy Solicitor General

9
                                                 GREGORY G. GARRE
10                                               Assistant to the Solicitor General

11                                               JONATHAN L. MARCUS
                                                 Attorney
12                                               Appellate Section, Criminal Division
                                                 U.S. Department of Justice
13                                               601 D. Street, N.W. Suite 6206
                                                 Washington, D.C. 20530
14                                               Telephone: (202) 305-3210
                                                 Fax: (202) 305-2121
15                                               E-mail: jonathan.marcus@usdoj.gov

16

17
                                                 s/ Brian C. Kipnis
18                                               BRIAN C. KIPNIS
                                                 Assistant United States Attorney
19                                               601 Union Street, Suite 5100
                                                 Seattle, WA 98101-3903
20                                               Telephone: (206) 553-7970
                                                 Fax: (206) 553-0116
21                                               E-mail: brian.kipnis@usdoj.gov

22                                               Attorneys for Respondents

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR ORDER HOLDING PETITION IN ABEYANCE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 2
(C04-0777RSL)

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Case 2:04-cv-00777-RSL    Document 13-1    Filed 04/23/2004    Page 3 of 11
Case 1:05-cv-02104-UNA    Document 15-4    Filed 12/30/2005    Page 4 of 12

**EXHIBIT C**

# MEMORANDUM OF POINTS AND AUTHORITIES

Respondents respectfully request that this Court hold in abeyance the above-captioned petition for writ of mandamus pursuant to 28 U.S.C. 1361 or, in the alternative, writ of habeas corpus ("petition"), pending the Supreme Court's disposition of <u>Rasul v. Bush</u>, S. Ct. No. 03-334 and <u>Al Odah v. United States</u>, S. Ct. No. 03-343 (argued Apr. 20, 2004), and <u>Rumsfeld v. Padilla</u>, S. Ct. No. 03-1027 (to be argued Apr. 28, 2004). As explained below, prior practice, principles of judicial economy, and considerations of inter-branch comity and separation of powers, strongly support respondents' request.[1]

## STATEMENT OF FACTS

1. In response to the September 11 attacks, the President dispatched the U.S. armed forces to Afghanistan to seek out and subdue the al Qaeda terrorist network and the Taliban regime that had supported it. U.S. and coalition forces have captured or taken control of thousands of individuals in connection with the ongoing hostilities in Afghanistan. As in virtually every other armed conflict in the Nation's history, the military has determined that many of those individuals should be detained during the conflict as enemy combatants. Such detention serves the vital military objectives of preventing captured combatants from rejoining the conflict and gathering intelligence to further the overall war effort and prevent additional attacks.

Individuals taken into U.S. control in connection with the ongoing hostilities undergo a multi-step screening process to determine if their detention is necessary. Detainees whom the U.S. military determines, after conducting this screening process, have a high potential intelligence value or pose a particular threat may be transferred to the U.S. Naval Base at Guantanamo Bay, Cuba. Only a small fraction of those captured in connection with the current conflict and subjected to the screening process have been designated for detention at

---

[1] This response is limited to respondents' request to hold the petition in abeyance. By filing this request, respondents do not waive any grounds for dismissal of the petition, including but not limited to lack of jurisdiction, lack of venue, failure to exhaust remedies, and failure to state a claim on which relief could be granted. Respondents propose that, in the event this Court determines that a response to the petition is warranted, it direct respondents to file their response 30 days after the Supreme Court's ruling in <u>Rasul/Al-Odah</u> and <u>Padilla</u>, whichever comes later.

NOTICE OF MOTION AND MOTION FOR ORDER HOLDING PETITION IN ABEYANCE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3
(C04-0777RSL)

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Case 2:04-cv-00777-RSL   Document 13-1   Filed 04/23/2004   Page 4 of 11
Case 1:05-cv-02104-UNA   Document 15-4   Filed 12/30/2005   Page 5 of 12

**EXHIBIT C**

1 Guantanamo. Upon their arrival at Guantanamo, detainees are subject to an additional
2 assessment by military commanders regarding the need for their detention. The military is
3 currently detaining about 595 aliens at Guantanamo.

4     Pursuant to the November 13, 2001 military order, the President may exercise his
5 authority as Commander in Chief to subject to trial before a military commission any non-
6 citizen detained at Guantanamo or elsewhere who the President has reason to believe (1) is a
7 member of al Qaeda; (2) is engaged in international terrorism aimed at harming the United
8 States; or (3) has knowingly harbored an individual who fits into one of the first two
9 categories. Military Order (Ex. B to Declaration of Lieutenant Commander Charles Swift
10 ("Swift Decl.") § 2(a).

11     2. On July 3, 2003, the President designated Salim Ahmed Hamdan, on whose behalf
12 this petition has been filed, for trial by military commission, upon determining that there was
13 reason to believe that Hamdan was a member of al Qaeda or otherwise involved in terrorism
14 against the United States. July 3, 2003 Background Briefing on Military Commissions (Ex. A
15 to Swift Decl.), at 1. As a result of this designation, the Department of Defense (DOD)
16 assigned Lieutenant Commander Charles Swift to meet with and defend Hamdan, whom DOD
17 may charge with a violation of the laws of war before a military commission. In addition,
18 Hamdan, who had been housed with other enemy combatants at Guantanamo, was moved in
19 December 2003 to a different facility at Guantanamo, Camp Echo, where he has his own cell
20 in which he may have private discussions with his lawyer. Briefing on Detainee Operations at
21 Guantanamo Bay (Ex. C to Swift Decl.), at 10.

22     3. On April 6, 2004, Swift filed this next-friend habeas petition on behalf of Hamdan
23 challenging Hamdan's pre-trial confinement, prospective trial, and continued detention on
24 multiple constitutional, statutory, and treaty-based grounds. Pet. 15-23 (Claims For Relief).
25 The petition requests, among other things, an order mandating Hamdan's release from
26 confinement in Camp Echo, enjoining respondents from enforcing the Military Order of
27 November 13, 2001, compelling respondents to justify Hamdan's continued detention as an
28 enemy combatant, and mandating Hamdan's release from U.S. custody in the absence of

NOTICE OF MOTION AND MOTION FOR ORDER HOLDING PETITION IN ABEYANCE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4
(C04-0777RSL)

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Case 2:04-cv-00777-RSL    Document 13-1    Filed 04/23/2004    Page 5 of 11
Case 1:05-cv-02104-UNA    Document 13-4    Filed 12/30/2005    Page 6 of 12

EXHIBIT C

1    adequate justification. Pet. 24-25 (Prayer For Relief).

2    4. Hamdan is not the first Guantanamo detainee to have a federal court challenge filed on his behalf. On February 19, 2002, the parents of four British and Australian nationals at Guantanamo filed in District Court for the District of Columbia a next-friend petition for habeas corpus on behalf of those detainees. On May 1, 2002, the family members of 12 Kuwaiti nationals detained at Guantanamo filed in Washington, D.C. a civil action on their behalf. And on June 10, 2002, the wife of another Guantanamo detainee, Mamdouh Habib, also filed in Washington, D.C. a petition for habeas corpus on his behalf.

The government moved to dismiss all three actions for lack of subject- matter jurisdiction under <u>Johnson v. Eisentrager</u>, 339 U.S. 763 (1950), where the Supreme Court held that neither the Constitution nor the federal habeas statutes conferred jurisdiction to consider a habeas petition filed on behalf of German nationals who had been seized overseas following the German surrender in World War II, tried by a military commission, and imprisoned at a U.S.-controlled facility in Germany. As the government explained in its motions to dismiss, under the principles recognized by the Supreme Court in <u>Eisentrager</u>, the U.S. courts lack jurisdiction over claims filed on behalf of Guantanamo detainees because all of them are aliens with no connection to the United States, and they are being detained outside of the sovereign territory of the United States. The district court agreed with the government and dismissed the challenges for lack of jurisdiction. <u>Rasul v. Bush</u>, 215 F. Supp. 2d 55, 65-73 (D.D.C. 2002).

The D.C. Circuit affirmed. <u>Al Odah v. United States</u>, 321 F.3d 1134 (D.C. Cir.), cert. granted sub nom., <u>Rasul v. Bush</u>, 124 S. Ct. 435 (2003). The court of appeals concluded that "the detainees [in this case] are in all relevant respects in the same position as the prisoners in <u>Eisentrager</u>" and thus held that, under the fundamental principles established by the Supreme Court in <u>Eisentrager</u>, "the [United States] courts are not open to them." <u>Id</u>. at 1145. As the court explained, like the prisoners in <u>Eisentrager</u>, the Guantanamo detainees "too are aliens, they too were captured during military operations, they were in a foreign country when captured, they are now abroad, they are in the custody of the American

NOTICE OF MOTION AND MOTION FOR ORDER HOLDING PETITION IN ABEYANCE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5
(C04-0777RSL)

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Case 2:04-cv-00777-RSL    Document 13-1    Filed 04/23/2004    Page 6 of 12
Case 1:05-cv-02104-UNA    Document 15-4    Filed 12/30/2005    Page 7 of 12

**EXHIBIT C**

1 | military, and they have never had any presence in the United States." <u>Id</u>. at 1140.

2 |     The D.C. Circuit's decision is now before the Supreme Court, which granted certiorari to consider "[w]hether United States courts lack jurisdiction to consider challenges to the legality of the detention of foreign nationals captured abroad in connection with hostilities and incarcerated at the Guantanamo Bay Naval Base, Cuba." <u>Rasul v. Bush</u>, 124 S. Ct. 534 (2003) (S. Ct. No. 03-334); <u>Al Odah v. United States</u>, 124 S. Ct. 534 (2003) (S. Ct. No. 03-343). A copy of the government's brief in <u>Rasul/Al Odah</u> is attached as Exhibit A.

    The Supreme Court heard argument in <u>Rasul</u> and <u>Al-Odah</u> on April 20, 2004, and a decision is expected by late June 2004 before the Court's summer recess. If the Supreme Court upholds the D.C. Circuit's ruling that aliens held abroad cannot access the U.S. courts, then this petition must be dismissed for lack of jurisdiction.[2]

    5. Additional federal court challenges have been filed on behalf of Guantanamo detainees and have been stayed pending the Supreme Court's decision in <u>Rasul/Al Odah</u>. For example, following the Ninth Circuit's ruling that the District Court for the Central District of California had jurisdiction to consider a petition for a writ of habeas corpus filed on behalf of Salim Gherebi, a Guantanamo detainee, <u>Gherebi v. Bush</u>, 352 F.3d 1278 (9th Cir. 2003), the Ninth Circuit stayed its mandate and then the Supreme Court granted the government's application for a stay of proceedings in the case pending the filing and disposition of a petition for a writ of certiorari asking the Supreme Court to hold <u>Gherebi</u> for the decision in <u>Rasul/Al Odah</u>. <u>Bush v. Gherebi</u>, No. 03A637, 124 S. Ct. 1197 (Feb. 5, 2004). That stay is still in effect.

    Similarly, on April 9, 2004, the District Court for the Central District of California stayed a second action filed on behalf of Gherebi "in light of the Supreme Court's imminent decision in [<u>Rasul</u> and <u>Al Odah</u>] raising the same threshold jurisdictional issue as this case."

---

[2] Petitioner in this case filed an amicus brief in the Supreme Court in <u>Al-Odah</u> urging the Court "to preserve the option of case-by-case review to assess jurisdiction" rather than issue a broad ruling foreclosing access to the federal courts by all those held in Guantanamo regardless of the nature of the challenge. Brief Of The Military Attorneys Assigned To The Defense In The Office Of Military Commissions As Amicus Curiae In Support Of Neither Party, <u>Al-Odah v. United States</u>, No. 03-343, at 4.

NOTICE OF MOTION AND MOTION FOR ORDER HOLDING PETITION IN ABEYANCE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 6
(C04-0777RSL)

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Case 2:04-cv-00777-RSL    Document 13-1    Filed 04/23/2004    Page 8 of 12
Case 1:05-cv-02104-UNA    Document 15-4    Filed 12/30/2005    Page 8 of 12

**EXHIBIT C**

1 | <u>Gherebi v. Bush</u>, CV 04-0210-RSWL (MANX), Order Granting Application For A Stay And
2 | Extension Of Time (attached as Exhibit B), at 2.
3 |     6. The case of Jose Padilla, a U.S. citizen enemy combatant detained at the naval brig
4 | in Charleston, South Carolina, raises an issue that this Court would face if the Supreme Court
5 | held in <u>Rasul/Al Odah</u> that aliens captured, detained, and prosecuted outside the United States
6 | during wartime are permitted to file habeas challenges in federal court – namely, whether this
7 | Court's habeas jurisdiction under 28 U.S.C. 2241 extends to respondents who are located
8 | <u>outside</u> its territorial jurisdiction.
9 |     In <u>Padilla</u>, the government argued before the federal district court in New York and the
10 | court of appeals that even if Secretary Rumsfeld were a proper respondent, the district court
11 | for the Southern District of New York did not have habeas jurisdiction over him because he is
12 | located in the Eastern District of Virginia. That issue is now before the Supreme Court,
13 | which will hear argument in the case on April 28, 2004. See Brief For The Petitioner,
14 | <u>Rumsfeld v. Padilla</u>, S. Ct. No. 03-1027, at (I), 21-26 (attached as Ex. C). If the government
15 | prevails on that issue in <u>Padilla</u>, then this Court would be obliged to dismiss or transfer this
16 | petition, because none of the respondents that petitioner has named is located in the Western
17 | District of Washington. Moreover, however the Supreme Court ultimately resolves <u>Rasul/Al
18 | Odah</u> and <u>Padilla</u>, its decisions almost certainly will shed additional light on, <u>inter alia</u>, the
19 | jurisdiction of the federal courts to entertain a habeas challenge to the detention of enemy
20 | combatants.

## ARGUMENT

22 | A federal court has "broad discretion to stay proceedings as an incident to its power to
23 | control its own docket." <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997). "Especially in cases of
24 | extraordinary public moment, [a plaintiff] may be required to submit to delay not immoderate
25 | in extent and not oppressive in its consequences if the public welfare or convenience will
26 | thereby be promoted." <u>Landis v. North American Co.</u>, 299 U.S. 248, 256 (1936); see also
27 | <u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593 F.2d 857, 863 (9th Cir. 1979) (Kennedy, J.) (It
28 | is well-settled that "trial court may, with propriety, find it is efficient for its own docket and

NOTICE OF MOTION AND MOTION FOR ORDER HOLDING PETITION IN ABEYANCE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 7
(C04-0777RSL)

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Case 2:04-cv-00777-RSL   Document 15-4   Filed 04/28/2004   Page 9 of 12
Case 1:05-cv-02104-UNA   Document 15-4   Filed 12/30/2005   Page 9 of 12

**EXHIBIT C**

the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

Federal courts routinely exercise their discretion to hold cases in abeyance when an impending decision from the Supreme Court is likely to shed light on the issue(s) before them. See, e.g., United States v. Toliver, 351 F.3d 423, 429 n.3 (9th Cir. 2003) ("[W]e deferred consideration of the defendants' consolidated appeals pending [Supreme Court decision]."); Hensala v. Dep't of the Air Force, 343 F.3d 951, 955 (9th Cir. 2003) ("We ordered the submission of this case deferred pending [Supreme Court decision]."); Majors v. Abell, 361 F.3d 349, 352 (7th Cir. 2004) (deferring consideration of challenge to constitutionality of state statute until the Supreme Court decided challenge to constitutionality of "rather similar" federal law); Marshel v. AFW Fabric Corp., 552 F.2d 471, 472 (2d Cir. 1977) (per curiam) (directing district court to stay further proceedings pending Supreme Court's resolution of "closely related case" that will "in all likelihood" decide question presented).

Because the Supreme Court's impending decision in Rasul/Al Odah will be potentially dispositive of the threshold jurisdictional issue presented by the petition, and because Padilla will be potentially dispositive of the propriety of filing the petition in the Western District of Washington, this Court should hold the petition in abeyance until those cases are decided. Indeed, it would be an unnecessary expenditure of resources for the parties to litigate – and for this Court to adjudicate – the very same jurisdictional issues the Supreme Court is virtually certain to address over the next two months and resolve in a manner that will dispose of this petition or, at a minimum, provide substantial guidance regarding its viability in the federal courts and the Western District of Washington in particular.

Not only do the interests in judicial economy and conservation of resources tip decidedly in favor of temporarily suspending these proceedings, but the prejudice to Hamdan is also minimal. The Supreme Court is expected – in accordance with its custom of deciding argued cases before its summer recess – to hand down its decisions in Rasul/Al Odah and Padilla by the end of June, little more than two months from now. Those decisions either will require the outright dismissal or transfer of the petition or, if they do not, will considerably

NOTICE OF MOTION AND MOTION FOR ORDER HOLDING PETITION IN ABEYANCE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 8
(C04-0777RSL)

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Case 2:04-cv-00777-RSL    Document 13-1    Filed 04/23/2004    Page 9 of 11
Case 1:05-cv-02104-UNA    Document 15-4    Filed 12/30/2005    Page 10 of 12

EXHIBIT C

1  narrow the issues that this Court must address in the motion to dismiss that respondents intend
2  to file.  Either way, Hamdan suffers little by deferring proceedings briefly until the Supreme
3  Court rules.  And, at the same time, both parties, not to mention the Court, are likely to
4  benefit from the guidance provided by those decisions in framing and resolving the threshold
5  issues presented by the petition in this case.
6       Finally, especially where these matters are pending before the Supreme Court,
7  requiring the Executive to respond at this time to the petition in this case filed on behalf of an
8  alien held abroad in connection with ongoing hostilities raises inter-branch comity and
9  separation-of-powers concerns.  The Court may avoid those concerns simply by holding this
10 case in abeyance for the relatively brief period until the Supreme Court issues its decisions in
11 Al Odah/Rasul and Padilla.

NOTICE OF MOTION AND MOTION FOR ORDER HOLDING PETITION IN ABEYANCE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 9
(C04-0777RSL)

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Case 2:04-cv-00777-RSL    Document 13-1    Filed 04/23/2004    Page 10 of 11
Case 1:05-cv-02104-UNA    Document 15-4    Filed 12/30/2005    Page 11 of 12

EXHIBIT C

# CONCLUSION

For the foregoing reasons, respondents respectfully urge this Court to hold the petition in abeyance pending the Supreme Court's decisions in Rasul/Al Odah and Padilla.

DATED this  23  day of     April    , 2004.

    Respectfully submitted,

JOHN McKAY
United States Attorney

PAUL C. CLEMENT
Deputy Solicitor General

GREGORY G. GARRE
Assistant to the Solicitor General

JONATHAN L. MARCUS
Attorney
Appellate Section, Criminal Division
U.S. Department of Justice
601 D. Street, N.W. Suite 6206
Washington, D.C. 20530
Telephone: (202) 305-3210
Fax: (202) 305-2121
E-mail: jonathan.marcus@usdoj.gov


s/ Brian C. Kipnis
BRIAN C. KIPNIS
Assistant United States Attorney
601 Union Street, Suite 5100
Seattle, WA 98101-3903
Telephone: (206) 553-7970
Fax: (206) 553-0116
E-mail: brian.kipnis@usdoj.gov

Attorneys for Respondents

NOTICE OF MOTION AND MOTION FOR ORDER HOLDING PETITION IN ABEYANCE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 10
(C04-0777RSL)

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Case 2:04-cv-00777-RSL   Document 13-1   Filed 04/23/2004   Page 11 of 11
Case 1:05-cv-02104-UNA   Document 15-4   Filed 12/30/2005   Page 12 of 12

EXHIBIT C

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant(s):

David Roy East

Joseph McMillan

Harry H. Schneider

Charles Christian Sipos

and I further certify that on the same date I caused to be mailed by United States Postal Service the document to the following non-CM/ECF participants:

Neal Katyal
Georgetown University Law Center
600 New Jersey Avenue
Washington, D.C. 20001

Charles Davidson Swift
Office of the Chief Defense Counsel for Military Commissions
1931 Jefferson Davis Hwy, Suite 103
Arlington, VA 22202

s/ Christine Leininger
CHRISTINE LEININGER
Supervisory Legal Assistant
United States Attorney's Office

NOTICE OF MOTION AND MOTION FOR ORDER HOLDING PETITION IN ABEYANCE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 11
(C04-0777RSL)

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970