# EXHIBIT
# B

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W., Rm. 7513
Washington, D.C. 20530-0001

Tel: (202) 514-3602
Fax: (202) 307-2551

January 3, 2006

Mr. Mark Langer
Clerk, U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave., N.W.
Washington, D.C. 20001

    Re:    *Al Odah* v. *United States*, Nos. 05-5064, 05-5095 through 05-5116
            *Boumediene* v. *Bush*, Nos. 05-5062, 05-5063
            Oral argument held on September 8, 2005

Dear Mr. Langer:

        Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, appellants, the United States, *et al.*, in *Al Odah*, and appellees, Bush, *et al.*, in *Boumediene,* write to inform this Court of the enactment of section 1005 of the Department of Defense Appropriations Act of 2006, Pub. L. No. 109-___, § 1005 (signed by President Bush on Dec. 30, 2005) (copy attached), also known as the Detainee Treatment Act of 2005.

        Section 1005(e)(1) of the Detainee Treatment Act of 2005 amends the habeas statute, 28 U.S.C. § 2241, to state that "no court, justice, or judge shall have jurisdiction to hear or consider" any habeas claim filed by an alien detainee held by the Department of Defense at Guantanamo Bay. It further bars jurisdiction over "any other action against the United States or its agents relating to any aspect of the detention," if the detainee is currently in military custody or has been determined to an enemy combatant (after review by the D.C. Circuit). Section 1005 provides in subsection (e)(2) for "exclusive" jurisdiction in the D.C. Circuit to review the validity of final enemy combatant determinations of the Combatant Status Review Tribunal (CSRT), and in subsection (e)(3) grants the D.C. Circuit "exclusive" jurisdiction over the final decisions of any military commission rulings "rendered pursuant to Military Commission Order No. 1, dated August 31, 2005 (or any successor military order)." The exclusive jurisdiction of the D.C. Circuit over all CSRT rulings and military commission decisions applies to all pending cases, § 1005(h)(2). The statute, including its elimination of statutory habeas jurisdiction, is effective immediately, § 1005(h)(1).

2

      The Government anticipates filing with the Court no later than the week of January 9, 2006, a motion to govern further proceedings in these cases in light of the new legislation.

Respectfully submitted,

Robert M. Loeb
Counsel for the United States, *et al.*
and Bush, *et al.*

Enclosure

cc:    Jon W. Norris
       641 Indiana Avenue, N.W.
       Washington, DC 20004
       (202) 842-2695, Fax: (202) 842-2627
       Email: jonnorrislaw@hotmail.com

       Thomas B. Wilner
       SHEARMAN & STERLING
       801 Pennsylvania Avenue, NW, Suite 900
       Washington, DC 20004-2634
       (202) 508-8050, Fax: 202-508-8100
       Email: twilner@shearman.com

       L. Barrett Boss
       COZEN O'CONNOR, P.C.
       1667 K Street, NW, Suite 500
       Washington, DC 20006-1605
       (202) 912-4800, Fax: (202) 912-4830
       Email: bboss@cozen.com

       Neil H. Koslowe
       SHEARMAN AND STERLING LLP
       801 Pennsylvania Avenue, NW, Suite 900
       Washington, DC 20004
       (202) 508-8000, Fax: (202) 508-8100
       Email: neil.koslowe@shearman.com

3

Joseph Margulies
MACARTHUR JUSTICE CENTER
University of Chicago Law School
1111 East 60th Street
Chicago, IL 60657
(773) 702-9560, Fax: (773) 702-0771
Email: jmarguli@uchicago.edu

Adrian Lee Steel, Jr.
MAYER, BROWN ROWE & MAW LLP
1909 K Street, NW
Washington, DC 20006-1152
(202) 263-3237, Fax: 202-263-3300
Email: asteel@mayerbrownrowe.com

Baher Azmy
SETON HALL LAW SCHOOL
CENTER FOR SOCIAL JUSTICE
833 McCarter Highway
Newark, NJ 07102
(973) 642-8700, Fax: (973) 642-8295
Email: azmybahe@shu.edu

Barry J. Pollack
COLLIER SHANNON SCOTT, PLLC
3050 K Street, NW, Suite 400
Washington, DC 20007
(202) 342-8472, Fax: (202) 342-8451
Email: BPollack@colliershannon.com

Eric M. Freedman
250 West 94th Street
New York, NY 10025
(212) 665-2713, Fax: (212) 665-2714
Email: lawemf@hofstra.edu

Muneer I. Ahmad
AMERICAN UNIVERSITY WASHINGTON
COLLEGE OF LAW
4801 Massachusetts Avenue, NW
Washington, DC 20016
(202) 274-4140, Fax: (202) 274-0659
Email: mahmad@wcl.american.edu

4

Richard J. Wilson
4801 Massachusetts Avenue, NW
Washington, DC 20016
(202) 274-4147
Email: rwilson@wcl.american.edu

Barbara J. Olshansky
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6439
Email: bjo@ccr-ny.org

Clive Stafford Smith
JUSTICE IN EXILE
636 Baronne Street
New Orleans, LA 70113
(504) 558-9867
Email: clivessgb@aol.com

John J. Gibbons
Gitanjali Gutierrez
Lawrence S. Lustberg
GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE
One Riverfront Plaza
Newark, NJ 07102
(973) 596-4493, Fax: (973) 639-6243
Email: ggutierrez@gibbonslaw.com
Email: jgibbons@gibbonslaw.com
Email: llustberg@gibbonslaw.com

George Brent Mickum, IV
KELLER & HECKMAN, LLP
1001 G Street, NW, Suite 500
Washington, DC 20001-4545
(202) 434-4245, Fax: (202) 434-4646
Email: mickum@khlaw.com

Douglas James Behr
KELLER & HECKMAN, LLP
1001 G Street, NW
Washington, DC 20001
(202) 434-4100, Fax: 202-434-4646
Email: behr@khlaw.com

5

Erwin Chemerinsky
DUKE LAW SCHOOL
Corner of Science Drive & Towerview Road
Durham, NC 27708
(919) 613-7173
Email: CHEMERINSKY@law.duke.edu

Karen Lee
Adrian Raiford Stewart
Andrew Bruce Matheson
Nathan Reilly
Pamela Rogers Chepiga
ALLEN & OVERY
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300, Fax: (212) 610-6399
Email: karen.lee@newyork.allenovery.com

Ralph A. Taylor
DORSEY & WHITNEY LLP
1001 Pennsylvania Avenue, NW
Suite 300 South
Washington, DC 20004
(202) 442-3562
Fax: (202) 442-3199
Email: taylor.ralph@dorseylaw.com

Christopher G. Karagheuzoff
Joshua Colangelo-Bryan
Mark S. Sullivan
Stewart D. Aaron
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177
(212) 415-9200
Email: karagheuzoff.christopher@dorsey.com
Email: colangelo.bryan.joshua@dorsey.com
Email: sullivan.mark@dorsey.com
Email: aaron.stewart@dorsey.com

Stephen H. Oleskey
Louis R. Cohen
Robert C. Kirsch

6

Douglas F. Curtis
Melissa A. Hoffer
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Wesley R. Powell
James Hosking
Christopher Land
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019-6131
(212) 878-8000


Kevin B. Bedell
DORSEY & WHITNEY LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004
(202) 442-3543, Fax: (202) 442-3199
Email: bedell.kevin@dorsey.com

David H. Remes
COVINGTON & BURLING
1201 Pennsylvania Avenue, NW
Suite 803E
Washington, DC 20004-2494
(202) 662-5212, Fax: (202) 778-5212
Email: dremes@cov.com

H. R. 2863

# One Hundred Ninth Congress
# of the
# United States of America

## AT THE FIRST SESSION

*Begun and held at the City of Washington on Tuesday,
the fourth day of January, two thousand and five*

# An Act

Making appropriations for the Department of Defense for the fiscal year ending September 30, 2006, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

## DIVISION A

## DEPARTMENT OF DEFENSE APPROPRIATIONS ACT, 2006

That the following sums are appropriated, out of any money in the Treasury not otherwise appropriated, for the fiscal year ending September 30, 2006, for military functions administered by the Department of Defense and for other purposes, namely:

## TITLE I

## MILITARY PERSONNEL

### MILITARY PERSONNEL, ARMY

For pay, allowances, individual clothing, subsistence, interest on deposits, gratuities, permanent change of station travel (including all expenses thereof for organizational movements), and expenses of temporary duty travel between permanent duty stations, for members of the Army on active duty, (except members of reserve components provided for elsewhere), cadets, and aviation cadets; for members of the Reserve Officers' Training Corps; and for payments pursuant to section 156 of Public Law 97–377, as amended (42 U.S.C. 402 note), and to the Department of Defense Military Retirement Fund, $28,191,287,000.

### MILITARY PERSONNEL, NAVY

For pay, allowances, individual clothing, subsistence, interest on deposits, gratuities, permanent change of station travel (including all expenses thereof for organizational movements), and expenses of temporary duty travel between permanent duty stations, for members of the Navy on active duty (except members of the Reserve provided for elsewhere), midshipmen, and aviation cadets; for members of the Reserve Officers' Training Corps; and for payments pursuant to section 156 of Public Law 97–377, as amended (42 U.S.C. 402 note), and to the Department of Defense Military Retirement Fund, $22,788,101,000.

H. R. 2863—61

(d) CRUEL, INHUMAN, OR DEGRADING TREATMENT OR PUNISHMENT DEFINED.—In this section, the term "cruel, inhuman, or degrading treatment or punishment" means the cruel, unusual, and inhumane treatment or punishment prohibited by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, as defined in the United States Reservations, Declarations and Understandings to the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment done at New York, December 10, 1984.

**SEC. 1004. PROTECTION OF UNITED STATES GOVERNMENT PERSONNEL ENGAGED IN AUTHORIZED INTERROGATIONS.**

(a) PROTECTION OF UNITED STATES GOVERNMENT PERSONNEL.—In any civil action or criminal prosecution against an officer, employee, member of the Armed Forces, or other agent of the United States Government who is a United States person, arising out of the officer, employee, member of the Armed Forces, or other agent's engaging in specific operational practices, that involve detention and interrogation of aliens who the President or his designees have determined are believed to be engaged in or associated with international terrorist activity that poses a serious, continuing threat to the United States, its interests, or its allies, and that were officially authorized and determined to be lawful at the time that they were conducted, it shall be a defense that such officer, employee, member of the Armed Forces, or other agent did not know that the practices were unlawful and a person of ordinary sense and understanding would not know the practices were unlawful. Good faith reliance on advice of counsel should be an important factor, among others, to consider in assessing whether a person of ordinary sense and understanding would have known the practices to be unlawful. Nothing in this section shall be construed to limit or extinguish any defense or protection otherwise available to any person or entity from suit, civil or criminal liability, or damages, or to provide immunity from prosecution for any criminal offense by the proper authorities.

(b) COUNSEL.—The United States Government may provide or employ counsel, and pay counsel fees, court costs, bail, and other expenses incident to the representation of an officer, employee, member of the Armed Forces, or other agent described in subsection (a), with respect to any civil action or criminal prosecution arising out of practices described in that subsection, under the same conditions, and to the same extent, to which such services and payments are authorized under section 1037 of title 10, United States Code.

**SEC. 1005. PROCEDURES FOR STATUS REVIEW OF DETAINEES OUTSIDE THE UNITED STATES.**

(a) SUBMITTAL OF PROCEDURES FOR STATUS REVIEW OF DETAINEES AT GUANTANAMO BAY, CUBA, AND IN AFGHANISTAN AND IRAQ.—

(1) IN GENERAL.—Not later than 180 days after the date of the enactment of this Act, the Secretary of Defense shall submit to the Committee on Armed Services and the Committee on the Judiciary of the Senate and the Committee on Armed Services and the Committee on the Judiciary of the House of Representatives a report setting forth—

(A) the procedures of the Combatant Status Review Tribunals and the Administrative Review Boards established by direction of the Secretary of Defense that are

H. R. 2863—62

in operation at Guantanamo Bay, Cuba, for determining the status of the detainees held at Guantanamo Bay or to provide an annual review to determine the need to continue to detain an alien who is a detainee; and

(B) the procedures in operation in Afghanistan and Iraq for a determination of the status of aliens detained in the custody or under the physical control of the Department of Defense in those countries.

(2) DESIGNATED CIVILIAN OFFICIAL.—The procedures submitted to Congress pursuant to paragraph (1)(A) shall ensure that the official of the Department of Defense who is designated by the President or Secretary of Defense to be the final review authority within the Department of Defense with respect to decisions of any such tribunal or board (referred to as the "Designated Civilian Official") shall be a civilian officer of the Department of Defense holding an office to which appointments are required by law to be made by the President, by and with the advice and consent of the Senate.

(3) CONSIDERATION OF NEW EVIDENCE.—The procedures submitted under paragraph (1)(A) shall provide for periodic review of any new evidence that may become available relating to the enemy combatant status of a detainee.

(b) CONSIDERATION OF STATEMENTS DERIVED WITH COERCION.—

(1) ASSESSMENT.—The procedures submitted to Congress pursuant to subsection (a)(1)(A) shall ensure that a Combatant Status Review Tribunal or Administrative Review Board, or any similar or successor administrative tribunal or board, in making a determination of status or disposition of any detainee under such procedures, shall, to the extent practicable, assess—

(A) whether any statement derived from or relating to such detainee was obtained as a result of coercion; and

(B) the probative value (if any) of any such statement.

(2) APPLICABILITY.—Paragraph (1) applies with respect to any proceeding beginning on or after the date of the enactment of this Act.

(c) REPORT ON MODIFICATION OF PROCEDURES.—The Secretary of Defense shall submit to the committees specified in subsection (a)(1) a report on any modification of the procedures submitted under subsection (a). Any such report shall be submitted not later than 60 days before the date on which such modification goes into effect.

(d) ANNUAL REPORT.—

(1) REPORT REQUIRED.—The Secretary of Defense shall submit to Congress an annual report on the annual review process for aliens in the custody of the Department of Defense outside the United States. Each such report shall be submitted in unclassified form, with a classified annex, if necessary. The report shall be submitted not later than December 31 each year.

(2) ELEMENTS OF REPORT.—Each such report shall include the following with respect to the year covered by the report:

(A) The number of detainees whose status was reviewed.

(B) The procedures used at each location.

(e) JUDICIAL REVIEW OF DETENTION OF ENEMY COMBATANTS.—

H. R. 2863—63

(1) IN GENERAL.—Section 2241 of title 28, United States Code, is amended by adding at the end the following:

"(e) Except as provided in section 1005 of the Detainee Treatment Act of 2005, no court, justice, or judge shall have jurisdiction to hear or consider—

"(1) an application for a writ of habeas corpus filed by or on behalf of an alien detained by the Department of Defense at Guantanamo Bay, Cuba; or

"(2) any other action against the United States or its agents relating to any aspect of the detention by the Department of Defense of an alien at Guantanamo Bay, Cuba, who—

"(A) is currently in military custody; or

"(B) has been determined by the United States Court of Appeals for the District of Columbia Circuit in accordance with the procedures set forth in section 1005(e) of the Detainee Treatment Act of 2005 to have been properly detained as an enemy combatant.".

(2) REVIEW OF DECISIONS OF COMBATANT STATUS REVIEW TRIBUNALS OF PROPRIETY OF DETENTION.—

(A) IN GENERAL.—Subject to subparagraphs (B), (C), and (D), the United States Court of Appeals for the District of Columbia Circuit shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant.

(B) LIMITATION ON CLAIMS.—The jurisdiction of the United States Court of Appeals for the District of Columbia Circuit under this paragraph shall be limited to claims brought by or on behalf of an alien—

(i) who is, at the time a request for review by such court is filed, detained by the Department of Defense at Guantanamo Bay, Cuba; and

(ii) for whom a Combatant Status Review Tribunal has been conducted, pursuant to applicable procedures specified by the Secretary of Defense.

(C) SCOPE OF REVIEW.—The jurisdiction of the United States Court of Appeals for the District of Columbia Circuit on any claims with respect to an alien under this paragraph shall be limited to the consideration of—

(i) whether the status determination of the Combatant Status Review Tribunal with regard to such alien was consistent with the standards and procedures specified by the Secretary of Defense for Combatant Status Review Tribunals (including the requirement that the conclusion of the Tribunal be supported by a preponderance of the evidence and allowing a rebuttable presumption in favor of the Government's evidence); and

(ii) to the extent the Constitution and laws of the United States are applicable, whether the use of such standards and procedures to make the determination is consistent with the Constitution and laws of the United States.

(D) TERMINATION ON RELEASE FROM CUSTODY.—The jurisdiction of the United States Court of Appeals for the District of Columbia Circuit with respect to the claims of an alien under this paragraph shall cease upon the

H. R. 2863—64

release of such alien from the custody of the Department of Defense.

(3) REVIEW OF FINAL DECISIONS OF MILITARY COMMISSIONS.—

(A) IN GENERAL.—Subject to subparagraphs (B), (C), and (D), the United States Court of Appeals for the District of Columbia Circuit shall have exclusive jurisdiction to determine the validity of any final decision rendered pursuant to Military Commission Order No. 1, dated August 31, 2005 (or any successor military order).

(B) GRANT OF REVIEW.—Review under this paragraph—

(i) with respect to a capital case or a case in which the alien was sentenced to a term of imprisonment of 10 years or more, shall be as of right; or

(ii) with respect to any other case, shall be at the discretion of the United States Court of Appeals for the District of Columbia Circuit.

(C) LIMITATION ON APPEALS.—The jurisdiction of the United States Court of Appeals for the District of Columbia Circuit under this paragraph shall be limited to an appeal brought by or on behalf of an alien—

(i) who was, at the time of the proceedings pursuant to the military order referred to in subparagraph (A), detained by the Department of Defense at Guantanamo Bay, Cuba; and

(ii) for whom a final decision has been rendered pursuant to such military order.

(D) SCOPE OF REVIEW.—The jurisdiction of the United States Court of Appeals for the District of Columbia Circuit on an appeal of a final decision with respect to an alien under this paragraph shall be limited to the consideration of—

(i) whether the final decision was consistent with the standards and procedures specified in the military order referred to in subparagraph (A); and

(ii) to the extent the Constitution and laws of the United States are applicable, whether the use of such standards and procedures to reach the final decision is consistent with the Constitution and laws of the United States.

(4) RESPONDENT.—The Secretary of Defense shall be the named respondent in any appeal to the United States Court of Appeals for the District of Columbia Circuit under this subsection.

(f) CONSTRUCTION.—Nothing in this section shall be construed to confer any constitutional right on an alien detained as an enemy combatant outside the United States.

(g) UNITED STATES DEFINED.—For purposes of this section, the term "United States", when used in a geographic sense, is as defined in section 101(a)(38) of the Immigration and Nationality Act and, in particular, does not include the United States Naval Station, Guantanamo Bay, Cuba.

(h) EFFECTIVE DATE.—

(1) IN GENERAL.—This section shall take effect on the date of the enactment of this Act.

(2) REVIEW OF COMBATANT STATUS TRIBUNAL AND MILITARY COMMISSION DECISIONS.—Paragraphs (2) and (3) of subsection

H. R. 2863—65

(e) shall apply with respect to any claim whose review is governed by one of such paragraphs and that is pending on or after the date of the enactment of this Act.

**SEC. 1006. TRAINING OF IRAQI FORCES REGARDING TREATMENT OF DETAINEES.**

(a) REQUIRED POLICIES.—

(1) IN GENERAL.—The Secretary of Defense shall ensure that policies are prescribed regarding procedures for military and civilian personnel of the Department of Defense and contractor personnel of the Department of Defense in Iraq that are intended to ensure that members of the Armed Forces, and all persons acting on behalf of the Armed Forces or within facilities of the Armed Forces, ensure that all personnel of Iraqi military forces who are trained by Department of Defense personnel and contractor personnel of the Department of Defense receive training regarding the international obligations and laws applicable to the humane detention of detainees, including protections afforded under the Geneva Conventions and the Convention Against Torture.

(2) ACKNOWLEDGMENT OF TRAINING.—The Secretary shall ensure that, for all personnel of the Iraqi Security Forces who are provided training referred to in paragraph (1), there is documented acknowledgment of such training having been provided.

(3) DEADLINE FOR POLICIES TO BE PRESCRIBED.—The policies required by paragraph (1) shall be prescribed not later than 180 days after the date of the enactment of this Act.

(b) ARMY FIELD MANUAL.—

(1) TRANSLATION.—The Secretary of Defense shall provide for the United States Army Field Manual on Intelligence Interrogation to be translated into arabic and any other language the Secretary determines appropriate for use by members of the Iraqi military forces.

(2) DISTRIBUTION.—The Secretary of Defense shall provide for such manual, as translated, to be provided to each unit of the Iraqi military forces trained by Department of Defense personnel or contractor personnel of the Department of Defense.

(c) TRANSMITTAL OF REGULATIONS.—Not less than 30 days after the date on which regulations, policies, and orders are first prescribed under subsection (a), the Secretary of Defense shall submit to the Committee on Armed Services of the Senate and the Committee on Armed Services of the House of Representatives copies of such regulations, policies, or orders, together with a report on steps taken to the date of the report to implement this section.

(d) ANNUAL REPORT.—Not less than one year after the date of the enactment of this Act, and annually thereafter, the Secretary of Defense shall submit to the Committee on Armed Services of the Senate and the Committee on Armed Services of the House of Representatives a report on the implementation of this section.

This division may be cited as the "Department of Defense Appropriations Act, 2006".